Eastern District.
*January* 1831.

M'MICKEN
*vs.*
MILLAUDON.

fendant, McMicken, be compelled to comply with his agreement, and take his share of the notes which were offered to the creditors, and finally that they have such other relief as their case might require.

A plea to the juridiction of the court was presented and sustained. The plaintiff appealed.

Complaints as to the conduct of a curator can only be redressed when as curator he presents his account. Particular acts of the representatives of estates can not be singled out by individual creditors, and made the basis of a suit.

It appears to us the court did not err. The act complained of is in relation to the defendant's conduct as curator, viz. : in improvidently issuing a writ of execution from the court, under which he held his appointment, in favor of the estate he represents. The time to get redress for this, will be when as curator he presents his account. Particular acts of the representatives of estates cannot be singled out by individual creditors, and made the basis of a suit. There can be only one to render an account, and when that is presented, all the acts of the curator, whether of non feasance or malfeasance, by which the creditors are injured, can be opposed to him. This doctrine has been long established in this court. The reasons for it are obvious. There might be as many suits as there are creditors, if a contrary rule was admitted. Again, the act complained of cannot be known to be an injury until the settlement of the estate, for *non constat*, that notwithstanding the alleged impropriety on the part of the representative, there may not be enough to pay each creditor his claim.—*See the case of Hodge's heirs vs. Dunnford*, 1. *N. S.* 126, *and the authorities then cited*.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

---

*BAUDIN vs. POLLOCK'S CURATOR.*

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF WEST FELICIANA.

A judgment rendered by a Spanish tribunal before the cession, bears interest from the judicial demand.

*Martin J.* delivered the opinion of the court.

The plaintiff and appellant complains of the judgment of the Court of Probates, which refuses him interest on his demand.

The suit was brought on a judgment rendered by a Spanish tribunal of competent authority, rendered before the cession, and the appellant's counsel has urged that interest ought to have been allowed from the date of the judgment against the deceased.

We are of opinion that the Court of Probates erred in not allowing interest from the inception of the suit or original judicial demand in that court, as the claim was liquidated by the Spanish tribunal; but we know no law which authorizes a claim of interest before that period.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed, and that there be judgment for the plaintiff; that he do recover of the defendant the sum of eighteen thousand five hundred and ninety-two dollars ninety-eight cents, from the estate of Pollock, with interest at the rate of five per cent from the day of the inception of the suit, that he be decreed a privileged creditor of said estate, on the proceeds of the pirce of land situated at the mouth of bayou Tunica, and the costs be paid by the estate.

*Eastern District,*
*January 1881.*

BAUDIN
*vs.*
POLLOCK'S CU-
RATOR

A judgment rendered by a Spanish tribunal before the cession, bears interest from the judicial demand.

---

*RUSSELL & BARSTOW vs. CASH ET AL.*

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE THEREOF PRESIDING.

A person who signs a draft as executor, is liable in his private capacity, and if he be sued as executor and there be a prayer for general relief, judgment may be given against him individually, if it appear that his liability as such was sought to be established.

This suit was brought to recover the amount of a protested draft, which the defendant, Cash, as executor of Kirkland, had made and delivered to the plaintiffs. The petition concluded with a prayer for judgment against the defendant

X