## No. 1,219.

SUCCESSION OF SUSAN A. SCOTT.— OPPOSITION TO FINAL ACCOUNT.

It is not too late to file an opposition to a final account when the accountant has introduced his evidence and closed it, and the minutes show "that the case was taken up for trial, evidence introduced and case laid over until to-morrow morning," and continues on the docket in this shape until the opposition is filed. .

When an administrator's account shows an amount for distribution less than the lower limit of the jurisdiction of the Supreme Court, and the opposition, if sustained, would increase the amount so as to give the Supreme Court jurisdiction, the administrator would have the right to appeal; consequently the opponent has the same right to appeal.

An action of nullity for the sale of succession property can not be grafted on to an opposition to a final account. The opponents have their remedy by separate action.

APPEAL from the Twenty-Seventh District Court, Parish of Richland. *Williams,* J.

---

*Thos. O. Benton* and *J. W. Willis* for Opponents and Appellants.

---

*Wells & Rhymes* for the Administrator, Appellee.

## MOTION TO DISMISS.

The opinion of the Court was delivered by

McENERY, J. The administrator has filed a motion to dismiss this appeal on the ground that this court is without jurisdiction *ratione materiæ*.

The reason alleged is that the "Turkey Creek place" was erroneously inventoried, which fact is admitted in the record. It was sold under judicial process before the death of Mrs. Susan A. Scott, and deducting its value from the inventory, there remains the sum of $1507 50, an amount less than the lower limits of the jurisdiction of the Appellate Court.

In the opposition property, rents and revenues are claimed as assets of the succession, and if there had been judgment for the opponents, the amount to be distributed would have exceeded the sum of $2000.

Therefore if the administrator had been cast in the suit, he would have had the undoubted right to appeal. The opponents can exercise the same right. The motion to dismiss is overruled.

## ON THE MERITS

Mrs. S. A. Scott died in September, 1882, and Wm. H. Scott qualified as administrator of her succession. He filed a final account, and evidence was introduced on the trial thereof and closed, but there was no judgment homologating the account. The widow and heirs of Wm. Scott, deceased, before the account was finally homologated, filed an opposition thereto. A motion was made by the administrator to dismiss the opposition, as it was filed after the evidence was offered and the testimony closed. It was within the discretion of the judge to reopen the case and hear additional testimony on the trial of the correctness of the account. The opposition was filed while the case was pending, the minutes reading, "this case was taken up for trial, evidence introduced and case laid over until to-morrow morning," and it thus continued on the docket while the opposition was filed. The motion to dismiss the opposition on this ground was properly overruled.

The opponents allege that the appointment of an administrator of said succession was unnecessary and illegal, as Mrs. S. A. Scott left no debts. There were the expenses of last sickness, attorney's fees incurred during her lifetime, taxes for several years, parish and State, and an eventual liability on a twelve months' bond. There was no cash on hand.

The heirs of age failed to accept the succession, or to advance the necessary funds to pay these debts; and there was no opposition made

to the appointment of the administrator. It is too late to urge the illegality of his appointment after he has administered the succession and filed his account. The illegal acts complained of were in the course of the administration, and if they are true, the heirs or creditors should have had him removed and another administrator appointed.

Each and every item on the account is opposed. We have been careful to scrutinize the items and the vouchers for the same, and find them correct, so far as the payment of money for the discharge of debts left by the deceased and the expenses of the administration.

The Home place, which opponents claim is worth $3000, and a rental of $500 per annum, from the 1st day of January, 1883, was sold under an order of court to pay debts, and was purchased by W. M. Scott, one of the heirs. This sale is attacked as an absolute nullity, and it is asked that it be restored to the succession and the administrator be charged with the said rent. The ground of nullity is fraud, collusion and want of consideration, and that it was a simulation entered into for the benefit of W. H. Scott, who was in possession of said Home place at the time of said sale, and "that W. H. Scott, Walter M. Scott and Col. C. H. Moore, agent and attorney in fact for Miss Mary S. Kincaid, entered into a deceptive scheme whereby Walter M. Scott was to be the ostensible owner of the twelve months' bond of W. H. Scott, in suit of Miss Mary S. Kincaid vs. Susan A. Scott, for the balance due thereon, viz: $1038 50, and that W. M. Scott was to receipt for said amount to W. H. Scott, administrator of Susan A. Scott, and in consideration of said bond and an insignificant sum, which was also not paid, that W. H. Scott was to make to W. M. Scott a deed to the Home place described in the inventory."

It is evident that this part of the opposition is an action of nullity, which cannot be grafted on to an opposition. The purchaser and C. H. Moore, agent and attorney in fact for Miss Kincaid, are not parties to this suit. The opponents have their remedy by separate action. Suc. of Sanchez, 41 Ann. 504. (Recently decided.)

It is, therefore, ordered and adjudged that the judgment homologating the account be affirmed, and the opposition be dismissed, reserving to opponents their right to proceed against the proper parties in their action of nullity to set aside the sale of said Home place and to recover the rent for the same, if any is due, and their rights against the administrator for maladministration be reserved to them, and for this purpose the rights of opponents to sue the administrator and his sureties on the administration bond are also reserved, opponents to pay costs of appeal.