NICHOLLS. J.
The plaintiffs (with the exception of Andrew Jackson) represent themselves to he the heirs of Armand and Mary Trahan. Jackson represents himself as having become the owner by purchase of the interest of Mary Burnhardt, wife of E. Burnhardt, one of the heirs in said succession.
They allege that at the time of the death of their father and mother their succession showed no debts; that the administration of said estates was unwarranted iu law, unnecessary, and resulted only in creating debts and expenses which your petitioners will be forced to pay, thereby reducing their legitime; that no legal order of court was obtained for a sale to effect a partition of said property; that they were not notified of any intention on the part of the administrator to effect á sale of all the property; that the order granting said sale was an ex parte order, without notice whatever to petitioners; that no attorney was appointed to represent absent heirs; that the property belonging to the succession was sold for less than its real value; that the said sale and the administration of the succession aforesaid are absolute nullities, and to the great damage and injury of petitioners.
They further show that they are entitled to a rule on said administrator, Joseph A. Trahan, ordering him to show cause why said proceedings should not be declared a nullity as hereinbefore stated, and the property belonging to said succession be returned to the mass thereof for distribution among the heirs of said estate in accordance with law, and why he should.not be charged and forced to pay all expenses of any character whatever created by his unlawful and unwarranted interference and attempted administration of the estates of their mother and father aforesaid.
In view of the premises they pray that Joseph A. Trahan be cited to appear and answer hereunto “within a time to be fixed by your honorable court,” and to show cause why all of the proceedings had in said succession be declared null and void and of no effect; that the said Joseph A. Trahan be ordered to restore to the successions of petitioners’ mother and father all of the property belonging to said successions at the time of the death of their father and mother; and that the said Joseph A. Trahan be further ordered, adjudged, and decreed to pay all expenses resulting from the attempted administration of said estates. Petitioners further pray that their right to sue for any and all damage which they may have suffered by virtue of the unlawful, unwarranted acts of the aforesaid Joseph A. Trahan in the attempted ad *765 ministration of the aforesaid estates be reserved to them.
They further pray for all such orders and decrees necessary in the premises, and for full and general relief.
On reading the application the court ordered the defendant to show cause on the 11th of July why the petition should not be granted. Defendant pleaded against the plaintiffs an exception of no cause or right of action. He averred that on account of the wrongful issuing of the rule he had suffered damages, having been forced to employ counsel to defend the same, whose services were well worth the sum of $50, for which amount he reconvened herein.
In view of the premises, he prayed that his exception be sustained, and rule herein sued out be dismissed, and that defendant do have judgment against plaintiffs in solido for the said sum of $50, for costs, and for general relief.
Defendant answered. After pleading the general issue, he admitted that he was the duly appointed and qualified administrator of said succession, and that his age and residence required him under the law to take legal steps in the premises. That only the movable property belonging to said succession has been sold, and that by order of the court at public auction after due advertisement, and in the presence of plaintiffs, with their full knowledge, consent, advice, and assistance; that plaintiffs are now estopped from making or proving demands of their petition, after allowing said property to pass into the hands of third parties and consenting thereto, demanding an impossibility after said property or effects have been consumed, destroyed, or placed beyond the reach of defendant.
In view of the premises, he prayed that his plea herein be sustained; that demands of plaintiffs be rejected, and there be judgment rejecting and dismissing the rule issued herein at plaintiffs’ cost’s, reserving all rights to sue for damages for the wrongful issuance of said rule; and for all orders- and decrees necessary in the premises, and for general relief.
Defendant filed a plea of estoppel against the plaintiff Andrew Jackson, averring that he is estopped from urging the nullity of the proceedings taken by the administrator herein, for the reason, to wit, that his title to-the interest of Mary Burnhardt is based upon the said proceedings and an acceptance-of the same, and showing that he (Jackson) was well aware of the conditions at date of the purchase; that the purchase of the property at the sale, and silence of the plaintiffs-during the sale, and making no opposition during the entire proceedings, absolutely es-tops them from claiming the return of the-property or the emolument of said proceedings of administration.
In view of the premises, he prayed that this plea of estoppel be sustained, and behave judgment dismissing said rule, at.plaintiffs’ costs.
The suit was tried before a judge ad hoc,, who, after hearing, dismissed the rule at plaintiffs’ costs. Plaintiffs have appealed..
On the 30th of November, 1904, Joseph A. Trahan alleged that he was one of the children of Armand Trahan and his wife, Mary Trahan, who were then both dead, and alleged that they had left personal and real property depending upon their estate, and that he-was entitled, by reason of being their child, to be appointed administrator of their successions. He also prayed that an inventory of the property of said successions be made. An inventory was ordered to be, and was,, made on the 7th of December, 1904. It showed property to the amount of $2,480 — real, $1,700; and movables, valued at $780.50. Letters of administratorship issued in favor-of Joseph Trahan on the 10th of February, 1905.
There were eleven children, issue of the-marriage of Armand Trahan, one of whom,. *767 Adrien Trahan, died before the opening of the succession of his mother, leaving four minor heirs, issue of his marriage with his wife, Cora Belle Smith.
Upon the suggestion of Joseph A. Trahan that Thomas L. Smith, the tutor of these last-named minors, had forfeited his tutorship by removing to the state of Texas, a family meeting was convoked under orders of the court for the purpose of recommending a dative tutor and undertutor to them. The family meeting was held, and the parties recommended for those positions by the meeting were appointed such by the court, after homologation of its proceedings. Joseph A. Trahan was the person recommended for the dative tutorship. In Trahan’s petition for the family meeting he had prayed that the question be submitted to the meeting whether it was not to the best interest of the minors that their interests in the successions of their grandparents should not be sold for cash. The matter was submitted to the meeting as suggested, and after deliberation it recommended that their interest be sold for cash. Robert Trahan, one of the children of Adrien Trahan and wife, removed and resides in Texas.
On the 31st of January, 1905, Joseph A. Trahan presented, as administrator of the successions, a petition to the court in which he alleged that it was his desire, and that of all the major heirs, that all the property of the successions, movable and immovable, should be sold at public auction — the land payable in three equal annual installments, at 8 per cent., payment, with good security, also secured by special mortgage and vendor’s privilege; the movables payable cash; and the proceeds of sale to be distributed among the heirs, after payment of debts and costs.
On reading this petition the court ordered that all the property of the successions be sold as prayed for on the terms stated. On the 3d of February, 1905, a commission issued from the court to Trahan, as administrator of the successions, to sell all the property of the successions at public auction on the terms stated.
By a procSs verbal of sale, filed in the district court by Joseph A. Trahan, administrator, it appears that on the 22d and 23d of March, 1905, he sold at public auction the movables of the successions therein mentioned at the prices therein stated; the aggregate amount of the sales being $423.20.
On the 14th (24th?) of March, 1905, the administrator filed what he termed his “first tableau” in the named successions, showing the amounts received by him up to that date and the claims against the successions. 1-Ie prayed that notice of the filing of the account be advertised according to law, and that in due course it be approved and • homologated.
The court ordered notice to be given accordingly. In the tableau the administrator charged himself with the $423.20 as amount received from sale of entire personal property on March 22 and 23, 1905.
The tableau showed claims presented and approved to be the sum of $214.10.
On the 12th of June, 1905, the rule prayed for by the plaintiffs was ordered to issue, and judgment rendered therein, as already stated, in favor of the defendant. No reasons for judgment were assigned.
It was claimed- on the trial that the real estate was in fact offered for sale and adjudicated to some one, but that, on objection made by some of the heirs, that fact was not recited in the procés verbal, and no attempt was made to carry out the terms of sale, and no deed was given. If it was adjudicated, there is no evidence of the fact in the record.
In plaintiffs’ brief it is suggested that there was no order of court appointing Joseph A. Trahan as administrator; but their pleadings themselves declare that “he was appointed and qualified as administrator.” That fact •is not an issue in the case. Plaintiffs seek to have the appointment decreed a nullity for *769 the reason that the successions owed no debts, that there was no necessity for an administration, and only unnecessary costs were incurred through the appointment of an administrator. There were mino? heirs in the successions, and one of the major heirs was at the time of the appointment of the administrator, and still is, a resident of Texas. No opposition was made to the appointment when prayed for. The appointment was legally made. The greater part of the costs of administration which plaintiffs complain of have already accrued. It is too late, after the administrator has filed his account, to seek to litigate that matter. Succession of Scott, 41 La. Ann. 670, 6 South. 792.
The sale of movables, which was made in the matter of the successions, was made under the order of court. The sale was not absolutely null. While the administrator did not have the right to make a partition of the successions, except by complying with all the formalities of the law, the major heirs had not accepted the successions unconditionally, nor offered to pay the expenses of last illness, nor the legal expenses of opening the successions. There were legal expenses due and demandable, and no funds wherewith to pay the same. The administrator had the legal authority to apply for and have the movables sold for that purpose. Succession of Scott, 41 La. Ann. 670, 6 South. 792; Heirs of Simonin v. Czarnowski, 47 La. Ann. 1334, 17 South. 847.
The things sold have been delivered to the purchasers, and it is impossible for the administrator to return them to the successions as prayed for. There was some conflict in the evidence as to whether the prices given at the sale for the things sold were in fact below their real value, though they sold much less than the inventoried price. Most of the plaintiffs were present, and some of them bid and purchased articles at the sale. None of them objected, except Robert Trahan, and his objections went no further than to the sale of the land. It was on his objection that the sale of the land was not consummated. In so far as plaintiffs have in view holding the administrator personally liable for acts of maladministration, and contesting the legality or amount of any of the claims and charges brought against the successions, plaintiffs should have had recourse to an opposition to the account filed by the administrator, and not resorted to a direct, separate, and substantive action against him. Watts v. McMicken, 2 La. 184. If the administrator should have in his hands any balance after payment of the debts of and charges against the successions, they can by opposition object also to any present distribution among the heirs, and require it to be held under the partition of the successions. Whatever right the plaintiffs may have in the premises to an opposition to the administrator’s account is hereby reserved to them. Under that reservation, the judgment is affirmed; costs of appeal to be borne by appellants.