21 407<br>117 1071

## No. 1957.—Eugene Staes v. Arthur Gastinel.

In ascertaining the meaning of a statute the rule is well settled, that it should be so construed, if possible, that no clause, sentence, or word, shall be superfluous or insignificant. 1 A. 162.

The statute of 1856, page 117, § 1, amending the act of 1855, providing for the trial of contested elections in the parish of Orleans, gives to any one of, and to all the six District Courts then in existence, jurisdiction over all suits for the contest of the elections of all officers elected for and in the parish of Orleans, with the right of appeal to the Supreme Court as in other cases.

The office of Recorder of the Second District of the parish of Orleans is an office of the parish, and the election may be contested before the Sixth District Court of the parish of Orleans. Acts of 1856, page 117.

APPEAL from the Sixth District Court of New Orleans. *Cooley,* J. *E. Filleul,* for plaintiff and appellant; *E. Bermudez,* for defendant and appellee.

HOWELL, J.   This is a contested election case, in which the plaintiff has appealed from a judgment sustaining exceptions to his petition. Both parties were candidates for the office of Recorder of the Second District of New Orleans at the election held on the seventeenth and eighteenth of April, 1868, and the plaintiff alleges that he was legally elected to said office and that the majority of votes apparently received by his opponent was the result of frauds committed to his prejudice, which he details at length in his original and supplemental petitions.   Several grounds of exception were filed at different times and the one sustained by the judge *a quo* is in the following words, to-wit: "That there is no law giving the Sixth District Court any jurisdiction over a contested election of Recorder of the Second District of New Orleans."

The law which it is contended authorizes the suit reads as follows: "That the forty-first section of an act entitled 'an act relative to elections,' approved March 15, 1855, be amended and re-enacted so as to read as follows: that when any person shall desire to contest the election of any officer of, for or in the parish of Orleans, or of the First Judicial District composed of said parish, or any district in said parish, he shall, within ten days after the close of election, give written notice thereof to the appropriate party, which notice shall especially set forth all the grounds of contest, and shall, within the same space of time, present a petition to the judge of any one of the six District Courts of New Orleans.   The judge shall proceed without delay to examine the grounds of contestation, and may, on the application of either party, order a jury to try the issue, from whose verdict an appeal may be had to the Supreme Court as in ordinary cases."   Acts 1856, p. 117, § 1.

The original section forty-one of the act of 1855 (session acts, page 415), provided for contesting the election of only those officers in the parish of Orleans, to wit: the sheriff, coroner and clerk, confined the trial thereof to the First District Court of New Orleans, and made the decision in the lower court final.   As amended it provides for contesting the election of *any* officer *of, for* or *in* the parish of Orleans, gave jurisdiction thereof to all the District Courts in New Orleans and confirmed the right of appeal.   From the language of the section it was evidently the intention to enlarge the right and opportunity of contestation, and make it general in the parish of Orleans, embracing any and all officers elected by the people in said parish.

It is evident as a matter of fact that the defendant is an officer *in* the parish of Orleans.   Those who voted for him were voters in the parish of Orleans and the district for which he was to be elected is geographically in the parish of Orleans.   We know that a State tax collector is elected for precisely the same district and by the very same voters.   In the nature of things there is no good reason why the law in question should refer to the one and not to the other.   But besides this, there is a well settled rule of interpretation which must make

this amended section embrace the defendant, to wit: A statute should be so construed, if possible, that no clause, sentence or *word* shall be superfluous or insignificant. 1 A. 162; 2 N. S. 32; 4 N. S. 322; 1 R. 238.

The law maker had some object in using the word *in*, as well as the words *of* and *for*. If he intended only to include the officers of or for *the parish*, he would not have used the word *in* also. Such a construction would make the word *in* superfluous and unmeaning. Every officer *of* or *for* the parish is an officer in the parish, but every officer *in* the parish is not necessarily an officer of or for the parish as a distinct division of the State.

The other grounds of exception have no force. If the allegations of the petition are true, there is a cause of action. The election was held by virtue of the one hundred and fifty-fourth article of the Constitution, being a part of the ordinance by which the civil government of this State was established. The defendant having been a candidate at said election cannot be heard to question its legality. 13 A. 301.

The military commander did not assume to decide contests of elections, but referred the parties expressly to the courts.

It is therefore ordered that the judgment appealed from be reversed, that the exceptions of defendant be overruled, and the cause remanded to be proceeded in according to law; appellee to pay costs of appeal.

---

## On Application for Rehearing.

Howell, J. In refusing the application for a rehearing in this case, we deem it proper to say that from inadvertence the motion to dismiss the appeal submitted with the case on its merits, was not formally passed on, and we consider it totally unnecessary to open the judgment in order to dispose of it, as none of the grounds on which it is based have any foundation in law or fact.

As to the first and second grounds it is sufficient to say that the appeal was taken on motion, and the certificate of the clerk is in due form, and hence no citation nor assignment of errors is necessary; the exceptions on which the judgment appealed from was rendered present the questions on which the opinion of this court was sought.

The third and fourth grounds are not well taken for reasons assigned on the motion to dismiss in the case of Fish *v.* Collens, not yet reported.

As to the fifth ground, it is immaterial whether the reasons at length given by the judge for his decree are copied in one part or another of the record. They seem to have been the reasons for a judgment in another case, and the entry made in this case referred to them as the reasons for the judgment herein, and they are in the transcript.

Rehearing refused.