No. 9756.

THE WORLD'S INDUSTRIAL AND COTTON CENTENNIAL EXPOSITION VS.
THE CRESCENT CITY RAILROAD COMPANY.

An appeal, in which the transcript was not filed within three judicial days after the return day, and in which a motion for extension of time was not seasonably made, will be dismissed, notwithstanding an order extending the time, but granted after the expiration of the legal delay prescribed for making the same.

Such orders are granted at the risk of appellants, and will not save the appeal when it appears that they were inadvertently made.

The absence of counsel does not fall within the category of circumstances beyond the control of an appellant, and is not a sufficient excuse for not filing a transcript in time, or making a seasonable motion for additional delay.

APPEAL from the Civil District Court, Parish of Orleans.
*Tissot*, J.

*Breaux & Hall* and *E. M. Hudson*, for Plaintiff and Appellant.

*John M. Bonner*, for Defendant and Appellee.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J.   This appeal was made returnable on the third Monday, which was the 19th day of April, 1886, and the transcript was filed here on the 6th of June following.

On the 5th day of May, 1886, appellant obtained from this court an extension of thirty days to bring up the transcript.

The point of appellee's motion is that the application for an extension of time was not seasonably made, as more than three judicial days had elapsed between the return day and the date of the motion for time.

The point is well taken, and the motion to dismiss must prevail.

Nine judicial days are shown by the minutes of this court to have elapsed between the 19th of April, the return day, and the 5th of May, the day on which the motion for an extension of time was presented to this court.

In the case of the succession of Kuntz, 33 Ann. 30, we showed that orders for extension of time in such matters were altogether at the risk of the appellant, who would not be protected by the order, in

delaying his transcript, if it should subsequently appear that the motion had not been seasonably made, and that the order had, in consequence, been granted inadvertently.

These considerations are not disputed or resisted by appellant's counsel, but their contention, supported by the affidavit of the senior counsel, is that the failure to bring up the transcript or to file a seasonable motion for additional time, is due to the unforeseen absence of the affiant, who was called away on professional business to Washington, D. C., whence he returned only on the 1st day of May. Hence appellant should not be held responsible for circumstances beyond its control.

Their main reliance is on the rulings in the following cases, which we have examined with great care, but which do not bear out appellant's pretensions.

In the case of Kirkland vs. His Creditors, 8 N. S. 597, the court relieved the appellant from the effect of a delay caused by circumstances beyond his control. But the circumstances are not recited or mentioned in the opinion—hence that case does not sustain the proposition that the absence of counsel falls within the category of circumstances as contemplated by the court. While on the other hand, the illustrations used by Judge Martin, in the opinion, go a great way to exclude it. He says : " The clerk of the inferior court may die, be disabled by sickness or a great pressure of business, from making out the transcript, or he may neglect or wilfully omit."

In the case of McDowde vs. Read, 5 Ann. 42, the absence of counsel, coupled with an agreement with the clerk below, that he would prepare all transcripts of cases appealed by him, and an agreement with the clerk here that he would file all such transcripts without exacting security for costs, were held to be insufficient circumstances to save an appeal filed after legal delay.

In the case of Fuscich vs. Starke, 9 Ann. 21, the appeal was dismissed as brought up too late, notwithstanding an affidavit contesting the legality of an intervening term of this court, from which judicial days had been computed against the appellant.

The case of Wright & Co. vs. Brander, 17 Ann. 187, went off on an affidavit embodying, among numerous others, the very excuse which is tendered in the instant case. The court said emphatically : " The absence of counsel furnishes no cause for excuse for not complying with the forms of the law."

Following up the decisions of the court from that time to the present day, we find an encouraging current of authority in the same

sense. It is true that an appellate tribunal will always and firmly protect the constitutional right of appeal, but on the other hand, the court must not lose sight of the legal rights acquired by an appellee through the omission or neglect of his opponent.

The rule that the absence of counsel is not a circumstance beyond the control of an appellant, sufficient to operate as an excuse for a delay otherwise unaccounted for, must apply with irresistible force to this case, in which the record shows that appellant was represented by a law firm, of which the affiant was senior, and by a third attorney joined to them as counsel. And surely it cannot be pretended that the absence of one of three attorneys left the client without counsel or professional guides. Chretien vs. Poincy, 33 Ann. 131; Pierce vs. Cushing, 33 Ann. 401; DeBouchel vs. Husband, 34 Ann. 102; Succession of P. G. Quinn, 37 Ann. 391.

Our conclusion is that on the 5th of May, when the motion was made for an extension of time to bring up the transcript, appellant had forfeited all its rights to the appeal prayed for, by reason of its neglect or omission to present a seasonable motion for additional time, and that the order then inadvently granted, did not, and could not, have the legal effect to revise the appeal.

It is therefore ordered that this appeal be hence dismissed at appellant's costs.