## THE MAYOR AND COMMON COUNCIL OF WESTMINSTER *vs.* GROVE A. SHIPLEY.

*Bill of Exception—When signed too late.*

This Court will not consider a bill of exception signed after the close of the term at which judgment in the case was rendered, and against the protest of the appellee, and without an express order of the Court extending the time for settling and signing the exception.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, ROBINSON, IRVING, and BRYAN, J.

*Charles E. Fink,* and *Charles B. Roberts,* for the appellant.

*Harry M. Clabaugh,* and *William P. Maulsby,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

Unless we determine to reverse the salutary rule of practice stated and acted upon in the case of *Wheeler vs. Briscoe,* 44 *Md.,* 308, and in subsequent cases, this Court is not at liberty to review the rulings of the Court below set forth in the bill of exception found in the record before us. That exception was prepared and signed too late, and under circumstances which deprive the appellant of the benefit of the exception. In the case of *Wheeler vs. Briscoe,* this Court said that a practice to sign bills of exception *after the term* must be understood to be a matter of *consent between the parties,* unless the Judge has made *an express order* in the term allowing a fixed time for preparing it. And in that case it was held, that as the term had elapsed and another term intervened, and neither the consent of the adverse counsel nor order of Court had been obtained extending the time, the application to the Court to sign a bill of exception came too late, and one signed under such circumstances could not be noticed on appeal. In this case, it appears that the verdict was rendered on the 6th of June, 1887, and judgment was entered the same day ; and on the 2nd. of July following, an appeal was prayed and entered to this Court. The next ensuing term of the Circuit Court commenced on the 8th day of August, and the bill of exception appears to have been signed on the 15th of Sept. following. The signing of the exception was without the consent and against the protest of the appellee ; and there was no express order of Court obtained extending the time for settling and signing the exception.

It appears from the affidavits filed that the counsel for the appellant prepared a bill of exception and left it with one of the Judges on the 23rd of July, 1887, and that the

Judge handed it to one of the counsel for the appellee to be examined. The exception, however, as prepared, was not satisfactory to appellee's counsel; and afterwards, according to the affidavits of appellee's counsel, they agreed in open Court, on the 8th of August, 1887, that the bill of exception might be settled and signed, notwithstanding the lapse of the term, if done within ten days from that date ; but the exception not being signed within that time, they refused to agree further in regard to it; and we do not understand that these facts are denied. And on the 31st of August, the appellee himself filed with the Judge a protest against the signing of any exception in the case. These facts bring the case fully within the decision of *Wheeler vs. Briscoe;* and the rule the relaid down must govern in this case.

It is of great importance that the rule upon this subject be definite and fixed, and that it be applied with strictness ; for if it be relaxed, it will inevitably beget contentions that will likely involve counsel, and sometimes the Court, in conflicts of recollection, as to the circumstances of the delay, as well as to the facts proper to be incorporated in the exception. Hence bills of exception should always be settled and signed as soon after the trial as reasonably may be done. And it must be understood that any undue delay on the part of the appellant, in having his bills of exception prepared and signed, may cause him to lose the benefit of the exceptions reserved.

Under the circumstances disclosed the bill of exception was signed and filed too late ; and there being no question properly presented for review, the judgment of the Court below must be affirmed.

*Judgment affirmed.*

(Decided 15th March, 1888.)