(42 South. 505.)

No. 16,106.

HAYS et al. v. MAYER et al.

(Dec. 10, 1906.)

1. APPEAL—DISMISSAL—ERROR OF JUDGE.

The order of appeal granted in this case was the act of the court and not imputable to the appellant. The appeal was saved from dismissal on that account, by the provisions of article 898 of the Code of Practice. The trial judge should have fixed a particular return day for the return and not simply made the appeal "returnable according to law." Appellant, however, was bound to know what the latest day for returns is by Act No. 92, p. 150, of 1900, and to govern himself accordingly.

2. SAME — CERTIFICATE OF CLERK — DEFECTS THEREIN.

An error or defect in the certificate of the clerk not imputable to the appellant by the same article (article 898, Code Prac.) is not ground for dismissal on that account. In this instance appellee has no cause for complaint. An examination of the record satisfies the court that it has before it everything which was done below and everything necessary to pass upon the issues raised and decided in the lower court.

Appellee does not suggest that anything is lacking, but relies upon the fact itself that the certificate is defective and insufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3126.]

3. SAME—TRANSCRIPT—DELAY IN FILING.

The transcript in this case was filed too late. If there was not sufficient time to have prepared the transcript, appellant should have applied, under article 883 of the Code of Practice, for an extension of time.

(Syllabus by the Court.)

Appeal from Twenty-Fourth Judicial District Court, Parish of East Feliciana; Joseph Lindsay Golson, Judge.

Action by Florence Hays and others against Isidor Mayer and others. Judgment for defendants, and plaintiffs appeal. Dismissed.

Robert Flournoy Walker, for appellants. Wall & Kilbourne and Edward Elliott Wall, for appellees.

Statement of the Case.

NICHOLLS, J. The defendants in this case pleaded the prescription of 10 years in bar of plaintiffs' demand. This exception was sustained by the court and the demand was rejected. We find in the transcript the following order of appeal:

"Mrs. Florence Hays et al. v. Isidor Mayer et al., 24th Judicial District Court for the parish of East Feliciana.

"It is ordered that plaintiffs be granted an appeal from the judgment rendered herein returnable as the law directs to the honorable the Supreme Court of Louisiana upon their entering into bond and security in the sum of one hundred dollars for a devolutive appeal and conditioned according to law. Thus done and given this 21st day of January, A. D. 1906."

The application upon which this order was based is not in the record. The only plaintiff who executed a bond under the order and appeared in this court was Mrs. Florence Hays. Her bond was filed in the district court on the 31st of March, and the transcript was filed in this court on the 11th of April.

The defendants have moved to dismiss the appeal on the grounds:

(1) That no legal order of appeal was granted, and no return day fixed, as required by law.

(2) The transcript was not filed in time.

(3) The certificate of the clerk to the transcript is incomplete and insufficient in law.

(4) The judgment rendered in this cause and the order of appeal had never been recorded in the minutes of the district court for the parish of East Feliciana.

Opinion.

The clerk's certificate reads as follows:

"I certify the foregoing nine pages to be a true copy of the original petition, supplemental petition, motion to dismiss, notes of evidence, judgment, order of appeal and appeal bond in this case, now on file in my office."

Article 898 of the Code of Practice declares that if, at the time of argument, or before, the appellant perceives that the copy of the record is incomplete, either through mistakes or omissions, or from the clerk having failed to certify the copy as containing all the testimony produced in the cause, or from

any similar irregularity, not arising from any act of the appellant, the court may grant him a reasonable time to correct such errors or omissions, during which time judgment on the appeal should be suspended. And no appeal to the Supreme Court shall be dismissed on account of any defect or error or irregularity of the petition or order of appeal, or in the certificate of the clerk or judge, or in the citation of appeal or service thereof, or because the appeal was not made returnable at the next term of the Supreme Court, whenever it shall appear that such defect, error, or irregularity is not to be imputed to the appellant, but in all cases the court shall grant a reasonable time to correct such errors or irregularities (in case they are not waived by the appellee), and may impose on the appellant such terms and conditions as in their discretion they may deem necessary for the attainment of justice, and may also impose such fines on the officers who shall have caused such irregularities as they may deem proportioned to the offense.

The order of appeal granted in this case was the act of the court, and no defect therein was imputable to the appellant. The appeal, therefore, should not on that account be dismissed.

Act No. 92, p. 150, of 1900, requires that the judge shall fix a return day in the order of appeal, not less than 15 nor more than 60 days from the signing of the order.

The judge in this instance did not fix any particular day for the return day, but simply declared in general terms that it should be returned according to law, which, under the law, was "in not less than fifteen nor more than 60 days from the signing of the order." This order left it optional with the appellant to select any particular day within the time fixed that he might think proper.

A particular day should have been fixed by the judge, but the appellant was advised that the return day was within the limits fixed, and he had to govern himself accordingly.

A defect or error in the certificate of the clerk of the court should not, by the terms of the article cited, carry with it the dismissal of the appeal.

In this instance there is no reason for complaint by the appellee.

An examination of the transcript satisfies us that we have before us everything which was before the trial court, and everything which is necessary to pass upon the issues raised and decided in the court below. Appellee does not claim there is, in fact, anything missing, but relies upon the fact itself that the certificate may be defective. The pleading which the clerk refers to as "the motion to dismiss" is the plea or exception of prescription filed by the defendant, and the "notes of evidence" is the evidence itself taken on the trial found under the heading "Notes of Evidence."

The tardy filing of the transcript in this court is appellee's substantial ground of complaint. The transcript was undoubtedly filed tardily. Appellant does not deny that fact.

On this point counsel says:

"The bond was filed in court on March 31, 1905. The delay in giving bond was not due to negligence on the part of plaintiff, but on account of their absolute inability to give the bond required at an earlier date; they being very poor people. Notwithstanding this great loss of time, work was commenced immediately to make up the transcript, which was done and filed on April 11, 1906, as short a time as possible. None of the facts assigned are faults of the appellants and should not operate against them. To maintain the appeal would not work an injustice to either party; but, to the contrary, a failure to do so would operate very injuriously to appellants."

The tardy filing of the transcript without the fault of the appellants is not one of the facts which are expressly stated as saving the appeal from dismissal. The article cannot be relied on for that purpose, unless the words or "from any similar irregularity" brings the case within its purview.

In Garland's Code of Practice, under article 898, Code Prac. p. 898, some cases are cited in which the appeal was not dismissed for that reason (Fish v. Collens, 21 La. Ann. 289; Staes v. Gastinel, 21 La. Ann. 409); but in the World's Industrial & Cotton Centennial Exposition v. Crescent City Railroad Company, 38 La. Ann. 905, and Holz v. Fishel, 40 La. Ann. 297, 3 South. 888, the appeals were dismissed; the court holding that it was the duty of the appellant to have applied for an extension of time under article 885 of the Code of Practice.

We are constrained very reluctantly to dismiss the appeal, and it is hereby dismissed.

MONROE and PROVOSTY, JJ., concur in the decree.