On Motion to Dismiss.
LAND, J.
Appellees have moved to dismiss the appeal herein on the ground that the transcript was not filed until after the expiration of the extended return day as fixed by the order of this court.
The judgment was rendered on July 14. 1906, and the judge granted plaintiffs an appeal returnable to the Supreme Court on August 15, 1906. On the application of the appellants the return day was extended until September 15, 1906. The transcript was filed on September 20, 1906.
The settled jurispiudence of this court is that where an extension of time has been granted to file the transcript, and the return *759 day fixed, no days of grace are allowed, Hudson v. Sheriff, 47 La. Ann. 1584, 18 South. 510; Building & Loan Association v. Church, 48 La. Ann. 1458, 21 South. 24; Succession of Rosamond Theriot (recently decided) 43 South. 265[1]. In the two last cases the extended return day expired in vacation.
It is argued, however, that, as the appeal was made returnable during the vacation of this court, the filing of the transcript on or before the first day of the next term was sufficient. This contention is supported by the following extract from Act No. 45, Extra Sess. 1870, p. 100, §' 4:
“If the Supreme Court shall not be in session on the day fixed for the return day of any case, it shall be sufficient for the appellant to file the record within three judicial days at the first session of the Supreme Court thereafter.”
Under said act all appeals were required to be returned at or within the terms of the Supreme Court as fixed by law. No provision was made for the return of appeals during the vacation of the Supreme Court. The Constitution of 1898 abolished the terms of said court in the country parishes, and provided for one continuous session in the city of New Orleans. In 1900 the Legislature passed Act No. 92, p. 150, which reads in part as follows:
“That the judges of the district courts, throughout the state, the parish of Orleans excepted, shall fix the return days in all civil cases appealable to the Supreme Court, provided that the judge shall fix the return day in the order granting the appeal which shall not be less than 15 nor more than 60 days from the date of the orders except by consent of parties.”
The second section of the act repealed all laws or parts of laws in conflict with its provisions. '
The repugnancy between the provisions of the two acts are obvious. The act of 1870 provides for the return of appeals to the Supreme Court at or within its regular terms, and when the court is not in session on the return day it is provided that it shall he sufficient for the appellant to file the transcript within three judicial days at the first session thereafter. Practically the return day was governed by the actual sitting of the court.
On the other hand, under the act of 1900, the return day is fixed regardless of the sessions of the Supreme Court, and there is no proviso or warrant for the extension of the return day until the next term of the appellate tribunal. The act requires the judge to fix a day certain for the return of the appeal, within the limitation of 60 days from the date of his order. This return day may fall as well in vacation as in term time, but cannot be extended beyond 60 days, except by consent of the parties. The statute substituted a fixed return day for sessions of court, which might or might not be held, and by so doing converted uncertainty into certainty. Under its provisions the appellant is compelled to file his transcript on the return day as fixed by the order of court, and cannot take advantage of the vacation of the Supreme Court for the purposes of delay. Moreover, the appellee knows when the transcript should be filed, and, if not filed, can proceed with the execution of the judgment without waiting for the next session of the appellate court. The appellant cannot be granted more than 60 days, exclusive of the usual days of grace, to file the record, without a violation of the express limitation of the statute. Any extension of time obtained from this court is governed by the rule that such extensions carry no day of grace. We are of opinion that section 4 of Act No. 45, p. 100, Extra Sess. 1870, was repealed by Act 92, p. 150, of 1900, as to appeals from the country parishes.
No useful purpose would be subserved by reference to decisions based on Act No. 45, p. 99, of 1870, or on the former system of making appeals returnable to the Supreme' *761 Court at particular terms or sessions. We may say, however, that the uncertainty of our former jurisprudence is another reason for adhering to the clear and unambiguous text of Act 92, p. 150, of 1900.
Appeal dismissed.

 Ante, p. 648.