(52 South. 550.)

No. 18,100.

GIROD v. MONROE BRICK CO.

(May 23, 1910.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR (§ 627*)—RECORD—FILING—EFFECT OF FAILURE TO FILE IN TIME.

When the transcript on appeal is filed in the Supreme Court after the return day, the appeal must be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2744, 3126; Dec. Dig. § 627.*]

2. APPEAL AND ERROR (§ 628*)—RECORD—TIME FOR FILING—EXCUSE FOR DELAY.

Where an appeal was returnable January 20th, and appellant obtained an extension to February 20th, but the transcript was not filed until February 24th, the fact that the appellant trusted to the clerk to send the transcript to his counsel in time for transmission to the Supreme Court, and that the clerk, on account of the rush of business and short help in his office, neglected to transmit it until the 23d of February, though it had been completed on February 19th, did not excuse the failure of appellant to transmit it in time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2751–2754; Dec. Dig. § 628.*]

Appeal from Sixth Judicial District Court, Parish of Ouachita; J. P. Madison, Judge.

Action between Charles C. Girod and the Monroe Brick Company. From the judgment, Girod appeals. Appeal dismissed.

O. C. Dawkins, for appellant. Hudson, Potts & Bernstein, for appellee.

## On Motion to Dismiss Appeal.

PROVOSTY, J. Appellee has moved to dismiss the appeal, on the ground that the transcript was filed in this court after the return day.

The appeal was returnable on January 20, 1910. Appellant obtained an extention to February 20, 1910. The transcript was filed February 24, 1910, four days after the extended return day. Nothing is more firmly settled than that, when the transcript is filed in this court after the return day, the appeal must be dismissed. Code Prac. art. 594; State v. Clark, 49 La. Ann. 780, 22 South. 257; Laussade v. Maury, 31 La. Ann. 858; Boudreaux v. Boudreaux, 122 La. 433, 47 South. 758; Selber v. Young, 109 La. 1080, 34 South. 95; Succn. of Theriot, 118 La. 648, 43 South. 265; Brooks v. Smith, 118 La. 758, 43 South. 399; Cockerham v. Bosley, 52 La. Ann. 65, 26 South. 814.

In the cases of Succession of Henry, 113 La. 787, 37 South. 756, Succession of Bothick, 110 La. 109, 34 South. 163, Gagneaux v. Desonier, 109 La. 460, 33 South. 561, and Cockerham v. Bosley, 52 La. Ann. 65, 26 South. 814, the trouble was, not that the transcript had been filed after the return day, but that (through no fault of the appellant) the citation had been defective,

Appellant contends that the appeal will not be dismissed where the tardiness in filing the transcript has been due to circumstances over which the appellant had no control. Whether that contention be or be not well founded, it has no application to the facts of this case. The circumstances in this case are that the appellant trusted to the clerk to send the transcript to his counsel in time for it to be timely transmitted to this court, and that the clerk, "on account of rush of business and short help in his office, simply neglected to transmit" it to the counsel until

the 23d of February, too late for it to be timely lodged in this court, although it had been completed on February 19th, amply in time for transmission to this court before the return day. Manifestly the circumstances here detailed were not beyond the control of the appellant. He could have obtained the delivery of the transcript from the clerk on the 19th, and transmitted it to this court. If he did not do this, the fault is his own. He cannot screen himself behind the neglect of the clerk. In the very case cited by him (McDowell v. Read, 5 La. Ann. 42), where the appellant had had an agreement with the clerk of the lower court to transmit the transcript direct to this court, the court said:

"If the neglect was on the part of the clerk of the district court, he was in that matter the mere agent of the appellants, and his negligence is theirs."

In other words, that the functions of the clerk of the trial court, as clerk, are limited to making the transcript and delivering it when called for (Code Prac. art. 585), and that if, by agreement with the appellant, he undertakes to file it in this court, he becomes, in the latter respect, the agent of the appellant, for whose negligence the appellant is responsible.

In Champomier v. Washington, 2 La. Ann. 722, the court would have relieved the appellant if he had succeeded in proving that the reason why the transcript had not been filed in time was that the clerk of the Supreme Court had violated his agreement to file it, and had failed to notify the appellant of the nonfiling.

French v. Harrold, 9 La. Ann. 21, is simply to the effect that the fact that the court was in vacation was no excuse to the appellant for not filing the transcript before the expiration of the return day.

Whether the appellant may or not take another appeal is not a question before this court at present.

Appeal dismissed.