It is not unreasonable to expect of one of ordinary health reasonable exertion toward overcoming fear more imaginary than real.

We, none the less, do not think that plaintiff's refusal should be the cause of her losing her claim for the suffering which she has endured altogether, although it must be considered as mitigating the injury. She has been made ill, has lost flesh, which she could not under the circumstances have avoided with or without the surgical operation.

The amount allowed is reduced to $3,000, with interest thereon heretofore allowed, and, as amended, the judgment of the district court is affirmed.

---

(61 South. 217.)

No. 19,221.

KEPLINGER et al. v. BARROW.

(Feb. 3, 1913. Rehearing Denied March 3, 1913.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR (§ 361*)—DISMISSAL—NAMING RETURN DAY.

Where a party in his application for an appeal asked that it be made returnable "according to law," the failure of the judge to specify the return day, as expressly required by Act No. 106 of 1908, is not grounds for dismissal of the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1941–1959; Dec. Dig. § 361.*]

2. TIME (§ 8*)—FILING OF TRANSCRIPT.

Under Act No. 92 of 1900, and Act No. 106 of 1908, relating to manner of taking appeals, the three days of grace after the return day allowed for filing a transcript are not judicial days, but ordinary days.

[Ed. Note.—For other cases, see Time, Cent. Dig. §§ 10; 33; Dec. Dig. § 8.*]

Breaux, C. J., dissenting.

Appeal from Twenty-Fourth Judicial District Court, Parish of West Feliciana; George J. Woodside, Judge.

Action between Charles T. Keplinger and others and A. Feltus Barrow. Judgment for the latter, and the former appeal. Appeal dismissed.

Porter & Breazeale, of Baton Rouge, for appellants. Lawrason & Kilbourne, of St. Francisville, and Johnston Armstrong, of New Orleans, for appellee.

PROVOSTY, J. [1] The law (Act 106, p. 163, of 1908) requires that, in the order granting an appeal, the judge shall fix the return day, and that it shall be not less than 15

nor more than 60 days from the date of the order.

In the present case the judge did not do this, but made the appeal returnable "according to law."

The appellants asked in their application for the appeal, which was by oral motion in open court, that it be made returnable "according to law"; that is to say, in conformity with the above-mentioned statute. That this was not done was the fault entirely of the judge; hence it is not ground for dismissal of the appeal. State v. Augustus, 129 La. 617, 56 South. 551.

Appellee recognizes this, but contends that the appeal was filed too late in this court, the date of its filing having been the 22d of December, 1911, whereas the 60 days, which was the longest delay allowable for the return day, expired on December 17th, the date of the order of appeal having been October 18, 1911.

[2] Appellant rejoins that an appellant has three days after the return day within which to file the transcript, and that these are judicial days—that is, days on which the court is sitting—and that the minutes of this court show that this court did not sit in the week following the 17th of December.

Prior to the adoption of Act 92, p. 150, of 1900, and Act 106, p. 163, of 1908, the three days of grace in question were judicial days (Lopez v. Sahuque, 114 La. 1004, 38 South. 810, and cases there cited); but interpreting said acts in the cases of Brooks v. Smith, 118 La. 758, 43 South. 399, Welch v. Smith, 118 La. 761, 43 South. 400, and Carrol v. Magee, 118 La. 761, 43 South. 400, this court held that under said acts they are ordinary days.

Adhering to this interpretation, we hold that the transcript was filed in this court too late.

Appeal dismissed.

BREAUX, C. J., dissents.