PROVO STY, J.
The State Railroad Commission having made an order commanding the New Orleans & Northeastern Railroad Company to construct a depot in the town of Slidell on a different site from that occupied by the present depot, certain citizens and property holders of the town brought this suit against both the Commission and the railroad to contest said order as unreasonable and oppressive. Judgment went against the defendants in the lower court, and they appealed; and the plaintiffs have moved to dismiss the appeal, on the ground that the transcript of appeal was filed in this court after the return day, and therefore too late.
*404 [1] Article 285 of the Constitution, which grants the right of appeal in suits like the present against the Railroad Commission, requires that the appeal “shall be returned to the Supreme Court within ten days after the decision of the lower court”; and the appeal in this present case was made returnable accordingly. The date of the decision of the lower court was July 31, 1912; the transcript of appeal should, therefore, have been filed in this court on August 10th at the latest. It was not filed until very much later. True the appellants applied for and obtained from this court an extension of time for filing the transcript; but they did this on August 16th, five days after the return day, and it is well settled that an extension of time cannot avail if applied for after the return day. Succ. of Bergold, 23 La. Ann. 374; De Bouchel v. Her Husband, 34 La. Ann. 102.
[2] This court, however, was not in session during August, and the appellants contend that:
“If the Supreme Court is not in session on the day fixed for the return day, the transcript of appeal is filed in time, when it is filed before the third after the (first day of) the next session of the Supreme Court.”
This was the jurisprudence of this court under Act 45, p. 100, of the Extra Session of 1870; but that act was modified on this point by Act 92, p. 150, of 1900. Brooks v. Smith, 118 La. 759, 43 South. 399; Welch v. Smith, 118 La. 761, 43 South. 400; Carrol v. Magee, 118 La. 761, 43 South. 400; and Keplinger v. Barrow, 132 La. 244, 61 South. 217. Appellants contend that said act of 1870, in so far as applicable to appeals, in cases like the present, was adopted into the Constitution by said article 285; and that, consequently, the Legislature was powerless to modify it. They argue that said article 285, by granting an appeal, granted such an appeal as the legislation then in existence had provided for; that this was the kind of appeal the framers of that article had in mind, and not some other kind of appeal, such as the Legislature might thereafter provide for.
Appellants here confuse between the appeal, or the right to have the decision of the lower court reviewed by the higher court, and the procedure by means of which that right is to be exercised, or, in other words, the procedure by which the case is to be carried from the lower to the higher court. Manifestly, the framers of article 285 intended merely to grant this right of review, and not to adopt into the organic law of the state mere rules of procedure. Let’ it be noted that if article 285, by granting a right of appeal in cases like the present, has incorporated into the Constitution, for the purposes of cases like the present, all the legislation which governed appeals at the time of the adoption of the Constitution, so, in like manner, all the other articles of the Constitution, granting appeals in all other cases, have incorporated this same legislation for the purposes of all these other cases; and, that, as a consequence, the matter of procedure in appeals is part of the organic law and unchangeable by the Legislature. Surely nothing of the kind would be seriously contended.
The appeal is dismissed.