(62 South. 123.)

No. 19,711.

VASQUEZ v. VASQUEZ.

(April 28, 1913. Rehearing Denied May 26, 1913.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 627*)—ABANDONMENT—FAILURE TO FILE TRANSCRIPT.

When an appellant fails to file the transcript in time, he is presumed to have abandoned his appeal, and it will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2744–2749, 3126; Dec. Dig. § 627.*]

2. APPEAL AND ERROR (§ 620*)—STATUTES (§ 117*)—WHEN APPEALS RETURNABLE—TITLE OF ACT.

Act No. 106 of 1908, entitled "An act relative to appeals to the Supreme Court, and providing for return days therein," is an independent and general statute which does not purport to amend any other, but which repeals all laws or parts of laws in conflict with its provisions, and the text of which conforms to the title by making general provision, applicable throughout the state, with reference to the return of appeals to the Supreme Court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2724–2742; Dec. Dig. § 620;* Statutes, Cent. Dig. §§ 154–157; Dec. Dig. § 117.*]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Jose N. Vasquez against Juan Paul Vasquez. From judgment for plaintiff, defendant appeals. Appeal dismissed.

George B. Smart, of New Orleans, for appellant. Teissier & Teissier, of New Orleans, for appellee.

On Motion to Dismiss Appeal.

MONROE, J. [1] Defendant applied for and obtained an order for a devolutive ap-

peal from the judgment rendered against him in this case, returnable on December 9, 1912. The transcript was not filed in this court until December 18th, and plaintiff, alleging that it came too late, moves that the appeal be dismissed. The motion must be sustained. "Where the transcript of appeal is filed in the Supreme Court after the return day, the appeal must be dismissed." Hays v. Mayer, 117 La. 1067, 42 South. 505; Brooks v. Smith, 118 La. 758, 43 South. 399; Welch v. Smith, 118 La. 761, 43 South. 400; Carrol v. Magee, 118 La. 762, 43 South. 400; Brooks v. Smith, 120 La. 454, 45 South. 388; Girod v. Monroe Brick Co., 126 La. 386, 52 South. 550; Id., 127 La. 328, 53 South. 582; Keplinger v. Barrow, 132 La. 244, 61 South. 217.

In Hudson v. Garrett, 47 La. Ann. 1534, 18 South. 510, it was held (and precedents cited) that, where an appellant fails to file the transcript in time, he is presumed to have abandoned his appeal. And in Brooks v. Smith, supra, and Girod v. Monroe Brick Co., 127 La. 328, 53 South. 582, it was held that, where an appeal is dismissed for failure of the appellant to file the transcript in time, it cannot afterwards be renewed.

[2] It is said that the transcript was filed within three judicial days after the return day, as this court held no session during the week beginning December 9, 1912; and that Act 106 of 1908, requiring that all appeals to this court shall be made returnable in "not less than 15 nor more than 60 days from the date of the order, except by consent of parties," which (it is alleged) "attempts to amend" act 92 of 1900, is unconstitutional, because: (1) It fails to express in its title that it changes the law relating to criminal appeals and appeals from the parish of Orleans; (2) "the attempt to amend the existing law governing appeals in Orleans parish made the act a local law which required notice in accordance with article 50 of the state Constitution." There is no merit in the contentions. Act 106 of 1908 is entitled "An act relative to appeals to the Supreme Court, and providing for return days therein." It is an independent and general statute which does not purport to amend any other, but which repeals all laws or parts of laws in conflict with its provisions, and the text of which conforms to the title by making general provision, applicable throughout the state, with reference to the return of appeals to the Supreme Court.

Appeal dismissed.