## No. 5969.

## LOUIS G. LAICHE, ET AL., vs. CAMILLE MARTIN. ET AL.

### Syllabus.

An order making an appeal returnable "according to law" will protect appellant's right of appeal, although no return day is named.

But it is equivalent to making the appeal returnable on the first return day following the order.

Rule 2 of this Court makes all appeals returnable on the second and fourth Mondays of each month during term.

Under an order of appeal rendered June 19 making the appeal returnable "according to law," the failure of the appellant to file the transcript on the fourth Monday of that month, or within three judicial days thereafter will justify the dismissal of the appeal.

The term of this Court begins on the second Monday of October, and ends on the last day of June.

Under Act 106 of 1908, the return days for all appeals to the Supreme Court of this State shall not be less than 15, nor more than 60 days, from the date of the order. All transcripts must be filed within said delay, whether the Supreme Court is in session or not.

An appeal to that Court will be dismissed when the transcript is not filed on the certain day above fixed or within three calendar days thereafter.

Orders for the extension of the return day rendered after the expiration of the day fixed for the return of the appeal will be considered as improvidently issued, illegal, and invalid.

Appeal from the Twenty-seventh Judicial District Court for the Parish of St. James, No. 2,735. Hon. Charles T. Wortham, Judge.

Guion, Lambremont & Hebert, for plaintiff and appellee.

Pugh & Himel, for defendant and appellant.

## On Motion to Dismiss Appeal.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Judgment was rendered and signed herein against the defendants on June 19, 1913; on the same day, on motion in open Court, the defendants were granted an appeal returnable "according to law" to this Court; and on June 27, they filed the appeal bond.

On October 13, 1913, the defendant obtained from this Court an extension of time to file the transcript until October 26, 1913.

On October 24, 1913, they obtained another extension to November 10, 1913.

On November 10, 1913, they obtained a third extension to December 1, 1913.

On November 26, 1913, they filed the transcript in this Court.

On November 28, 1913, appellees moved to dismiss the appeal on the ground that "the transcript of appeal in this case was not filed in this Honorable Court within the time prescribed by law," and that the extension had been improvidently and illegally granted by this Court.

The order making the appeal returnable "according to law" was sufficient to protect appellants' appeal although no return day was fixed. **Keplinger vs. Barrow, 132 La., 244-117 La., 1067.**

But it was equivalent to making the appeal returnable at the first return day following the order. **Condroy vs.**

Pecot, 51 A., 495; 37 A., 709; 13 A., 365; Redmond vs. Mann, 23 A., 373; 117 La., 1067.

Rule 2 of the rules of this Court provides that: "All appeals from District Court shall be made returnable on the second and fourth Mondays of each month during term." This rule was adopted on March 1, 1885, and again on June 27, 1898.

The fourth Monday after June 19, 1913, the date of the order of appeal, fell on June 23, 1913, and "according to law," or the rule of this Court, the transcript should have been filed on that day, or within three judicial days thereafter.

This Court sat June 3rd, 24th, 25th, 26th, 27th, 28th and 30th, when it adjourned to October 13, 1913. More than three judicial days therefore intervened between June 23rd and October 13th, when the first extension was obtained, and the appeal must be dismissed if the rule of Court quoted above governs the return day of appeals.

But counsel for appellants contends that "the first term of this Honorable Court was on the second Monday of October, 1913," and under the rule quoted, the appeal was returnable only on the thirteenth day of October, 1913. The word "term" used in Rule 2 means the "term" of this Court. The order of appeal was taken on June 19, during the "term" which ended June 30, 1913, and should have been returned to this Court on the fourth Monday of June of that term, say June 23, 1913, or within three judicial days thereafter. October 13 was not "during term," but was the beginning of another succeeding term. Article 131 of the Constitution of 1898 provided that this Court "shall hold its session from the second Monday of October until the end of the month of June in each year."

The appellants should have filed their transcript or obtained their extension on or before June 26, 1913. **117 La., 1067.** Assuming, however, (which we do not decide) that Rule 11 was superseded by Act 106 of 1908, the appeal must still be dismissed.

The Constitution of 1898, which was the Constitution at the date of the order of appeal herein, provided that:

> Article 104: "The rules of practice regulating appeals to and proceedings in the Supreme Court shall apply to appeals and proceedings in the Courts of Appeal, so far as they may be applicable until otherwise provided."

The Legislature has never provided specifically for rules of practice for the 'Courts of Appeal.

What was then the law regulating return of appeals to the Supreme Court on June 19, 1913?

Act 106 of 1908, p. 163, directs:

> "That the Judges of all the Courts throughout the State shall fix the return days in all cases, civil or criminal, appealable to the Supreme Court, provided, that the Judge shall fix the return day in the order granting the appeal, which shall not be less than fifteen nor more than sixty days from the date of the order except by consent of parties."

Assuming that the order of appeal herein, which fixed no return day, was valid, the appeal, in the language of the order, was returnable "according to law." The appeal was therefore returnable to this Court not "more than sixty days" from the date of the order, or August 19, 1913. But the Court was not in session on that day, nor until October 13, 1912. Did the appellant for that rea-

son have until October 13 to file his transcript or obtain an extension.

This was the law contained in Section 4 of Act 45 of 1870, Extra Session, p. 100, which provided:

> "If the Supreme Court shall not be in session on the day fixed for the return day of any case, it shall be sufficient for the appellant to file the record within in three judicial days at the first session of the Supreme Court thereafter."

The jurisprudence enforced the plain letter of the law. 25 A., 667; 36 A., 824; 114 La., 1004.

But this is no longer the law nor the jurisprudence.

Act 92 of 1900, p. 150, fixed the return day of appeals from the "District Courts throughout the State," the Parish of Orleans excepted.

In all other respects it is identical in language with Act 106 of 1908, fixing returns at not "less than fifteen nor more than sixty days from the date of the order." In interpreting these two acts the Supreme Court has said that they repealed Act 45 of 1870, and, that under their provisions, all appeals should be returned on or before the day fixed by law, or within three running days thereafter whether the Supreme Court was in session or not.

> Brooks vs. Smith, 118 La., 758; Welch vs. Smith, 118 La., 761; Carroll vs. MaGee, 118 La., 761; Keplinger vs. Barrow, 132 La., 244; Brugier vs. R. R. D. Commission, 132 La., 401; Vasquez vs. Vasquez, 132 La., 1008.

Inasmuch as the transcript in this case was not filed on August 19, 1913, nor within three ordinary calendar days thereafter, the appeal herein must be dismissed. 132 La.,

1008; 122 La., 433; 115 La., 12; 35 A., 640, 880; 52 A., 1920; 551, 598; 46 A., 548; 49 A., 780; 1 H. D., 82. The orders of this Court for an extension of the return day granted after the expiration of the return day will be considered as improvidently issued, illegal and invalid. 38 A., 905; 40 A., 294; 120 La., 595; 132 La., 403; 33 A., 30.

It is therefore ordered, adjudged, and decreed, that the appeal herein be dismissed.

Appeal dismissed.

Opinion and decree, January 12, 1914.

Rehearing granted, February 9, 1914.

## On Application for Rehearing.

### Per Curiam.

For the reasons assigned in the original opinion herein, our former decree is reinstated and now made the final judgment of the Court.

By his Honor, JOHN ST. PAUL:

I dissent. I think that an appeal made returnable before the time allowed the appellee to answer and before the time allowed appellant to complete it by filing his bond is not made returnable according to law. Hence an appeal if made "returnable according to law" is returnable on the first return day **after said delays** and not on the next return day after signing the order.

Opinion and decree, March 23, 1914.

Writ granted, May 12, 1914 (**135 La.**, **798**).