(66 South. 226)

No. 20597.

LAICHE et al. v. MARTIN et al.

In re MARTIN et al.

(June 29, 1914. Rehearing Denied Oct. 20, 1914.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§ 364*)—RETURN OF APPEAL—TIME.

Under article 104 of the Constitution, which provides that "the rules of practice regulating appeals to and proceedings in the Supreme Court shall apply to appeals and proceedings in the Courts of Appeal, so far as they may be applicable, until otherwise provided," and Act 106 of 1908, which provides "that the judges of all the courts throughout the state shall fix the return days in all cases, civil or criminal, appealable to the Supreme Court, * * * which shall not be less than fifteen nor more than sixty days from the date of the order, except by consent of parties," an appeal to the Court of Appeal for the parish of Orleans, which is made "returnable according to law," must be returned within 60 days, at most, from the date of the order (to which, however, may be added 3 calendar, and not judicial, days of grace), unless the time is extended by consent of parties, or, upon proper and timely application, by order of court. But even if it were otherwise, and the matter were regulated by the rule of the Court of Appeal for the parish of Orleans, purporting to make appeals returnable upon the second and fourth Mondays of each month during the term, a litigant, obtaining an order of appeal "returnable according to law," would have to make his return by the next return day, or within three judicial days thereafter, unless he obtained an extension of time by proper and timely application, though, in the event of his not perfecting the appeal, under such order, by filing bond, he might, thereafter, if the time permitted, obtain another order, fixing a later return day and perfect his appeal under the same.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1969–1976; Dec. Dig. § 364.*]

O'Niell, J., dissenting.

Action by Louis G. Laiche and others against Camille Martin and another. Judgment for plaintiffs, and defendants apply for certiorari or writ of review. Application dismissed.

Pugh & Himel, of Lutcher, and Walter Lemann, of Donaldsonville, for applicants. Guion, Lambremont & Hebert, of Lutcher, for respondents.

MONROE, C. J. This matter comes here upon the application of defendants for the review of the judgment of the Court of Appeal for the parish of Orleans, dismissing an appeal taken by defendants from a judgment rendered by the district court for the parish of St. James.

It appears that the judgment of the district court was rendered and signed on June 19, 1913, and that, on the same day, defendants obtained an order granting them "a suspensive and devolutive appeal, * * * returnable according to law, to the Court of Appeal of the parish of Orleans"; that, according to a rule of that court, all appeals from the district courts are required to be made returnable on the second and fourth Mondays of each month; that the fourth Monday in June, 1913, fell upon the 23d of that month; that the appeal in question was not returned upon that day, and that, though the court was then in session, and was also in session on June 24th, 25th, 26th, 27th, 28th, and 30th, defendants made no appearance there until October 13th, when they obtained an extension of time which was renewed on October 24th, and November 26th; and, the motion to dismiss, on the ground that it had not been filed in time and that the extensions had been improvidently granted, having been filed on November 28th, it was held by the Court of Appeal that, if the order making the appeal returnable "according to law" be construed with reference to its rule, the appeal should have been returned on Monday, June 23d; and, if it be construed with reference to article 104 of the Constitution and Act 106 of 1908, it should have been returned within not less than 15 nor more than 60 days; and

that, from either point of view, it must be dismissed. We are of opinion that the matter is governed by the article of the Constitution and the statute mentioned.

The article (so far as it need be quoted) reads:

"Art. 104. The rules of practice regulating appeals to and proceedings in the Supreme Court shall apply to appeals and proceedings in the Courts of Appeal, so far as they may be applicable, until otherwise provided," etc.

The statute bears the title and reads:

"An act relative to appeals to the Supreme Court, and providing for return days therein.

"Section 1. * * * That the judges of all the courts throughout the state shall fix the return days in all cases, civil or criminal, appealable to the Supreme Court, provided, that the judge shall fix the return day in the order granting the appeal, which shall not be less than 15 nor more than 60 days from the date of the order, except by consent of parties.

"Sec. 2. * * * That all laws or parts of laws in conflict herewith are hereby repealed, and that this act shall take effect from and after its passage."

It is said, in effect, that the articles of the Constitution from 98 to 106 deal exclusively with "Courts of Appeal," in the country parishes, and have no application to the "Court of Appeal for the parish of Orleans." But that can hardly be the case, since the Court of Appeal for the parish of Orleans, in common with the Courts of Appeal throughout the state, derives its appellate jurisdiction, "when the matter in dispute . * * * shall exceed $100," etc., from article 98, and from no other source; and no one has ever doubted, or has had reason to doubt, that articles 101, 102, 103, 104, and 106 apply to all Courts of Appeal alike; otherwise, the decisions of the Court of Appeal for the parish of Orleans would not be subject to review by this court, there would be no rule requiring cases in that court to be tried on the original records, the court would have no jurisdiction to issue writs of mandamus, prohibition, etc., and there would be no provision with regard to the disagreements of

the judges, or the execution of the judgments of the court.

It is said that defendants were under no obligation to return their appeal upon June 23d (which was the fourth Monday of the month, and the first return day, under the court's rule, after the order of appeal had been granted), because they were not obliged to, and did not, file their appeal bond until June 26th; but, if they considered that the matter was regulated by the court's rule, they were at liberty to do as they did—i. e., move for an appeal returnable according to law, and obtain an order for such appeal, or, by alleging that the first return day, under the rule, was so near at hand that they would not be able to prepare the record, obtain an order making the appeal returnable on the next return day, or they might have waited until after the first return day before applying for the appeal, in which event it would necessarily have been made returnable on the second return day. They could not, however, obtain the order which they did, and then, upon the one hand, ignore it, by not returning the appeal in accordance with its terms, and, upon the other hand, assert that they were entitled to avail themselves of it, by returning the appeal at some other time than that contemplated by it. As we have stated, however, the matter was governed by the article of the Constitution and the statute which we have quoted (since there has been no special legislation upon the subject, unless a law has been passed since this case was taken under advisement), and the order "returnable according to law" must be construed to mean returnable in "not less than 15 nor more than 60 days from the date of the order." Considering the matter from that point of view, defendants contend that they were entitled to three judicial days, after the more remote return day, within which to lodge their record in the appellate court, and, as that court held no session between, say,

135 La.—26

August 19th, and the day upon which the record was filed, they were in good time. But, as our learned Brethren of the Court of Appeal say, the rule on that subject has been changed, and this court, construing Acts 92 of 1900 and 106 of 1908, has held that, in view of the fact that those statutes make appeals returnable in vacation, as well as term time, the days of grace are calendar, and not judicial days. Brook v. Smith, 118 La. 758, 43 South. 399; Welch v. Smith, 118 La. 761, 43 South. 400; Carroll v. Magee, 118 La. 761, 43 South. 400; Keplinger v. Barrow, 132 La. 244, 61 South. 217; Vasquez v. Vasquez, 132 La. 1008, 62 South. 123. Our conclusion, then, is that there is no error in the judgment of the Court of Appeal. And it is accordingly ordered and adjudged that the demand of the applicants herein be rejected, and this application dismissed, at their cost.

O'NIELL, J., dissents.