PROVOSTY, J.
We transcribe from the minutes of the trial court, as follows:
“Judgment signed, see decree from which judgment plaintiff’s counsel in open coux-t, defendant’s counsel being present, asked for and obtained orders of appeal both devolutive and suspensive, made returnable to the honorable Supreme Court of the state of Louisiana on Monday, February 2, 1914. Devolutive appeal bond fixed in the sum of $100, and suspensive appeal ,bond according to law.”
This ox-der for appeal was made on December 16, 1913, and on December 20, 1913, appellant perfected the appeal by furnishing a bond in the sum of $3,500.
The transcript not having been filed in this court on the return day, ox- within three days thereafter, the appellant, in December, 1914, obtained, by petition, an order for a devolutive appeal; and on December 14, 1914, filed in this court a transcript designed to serve for this second appeal and also for the first.
[1, 2] Appellee has moved to dismiss the first appeal, on the ground that it was abandoned, as the result of the transcript not having been filed in this court in time; and the second appeal on the ground that after a first appeal has been taken and perfected by the giving of bond and has been abandoned by not filing the transcript in time, another appeal is not allowable.
The settled jurisprudence is to that effect. Succession of Joseph Llula, 42 La. Ann. 475, 7 South. 585; Mutual Loan & Bldg. Ass’n v. First African Baptist Church, 49 La. Ann. 880, 21 South. 517; Mutual Loan, etc., v. Same Church, 48 La. Ann. 1458, 21 South. 24; Brooks v. Smith, 118 La. 758, 43 South. 399; Hays v. Mayer, 117 La. 1067, 42 South. 505; Mix v. Hawkins, 115 La. 12, 38 South. 877; Girod v. Monroe Brick Co., 126 La. 385, 52 South. 550; Girod v. Monroe Brick Co., 127 La. 328, 53 South. 582; Vasqxicz v. Vasquez, 132 La. 1008, 62 South. 123.
Appellant filed the following answer to the motion to dismiss:
“Now comes William Edenborn, appellant in the foregoing cause, and for answer to the motion filed to dismiss his appeal herein shows to the court that the appellee has waived his right to file this motion to dismiss, and for that reason his motion cannot be heard.
“Appellant shows that during the pendency of this appeal the following contract was entered into by appellant and appellee, to wit:
“ ‘This wx-itten instx-ument, witnesseth: That D. L. Kix-kland, a resident of Winn parish, Louisiana, and William Edenborn, resident of Orleans parish, Louisiana, have contracted and agreed as follows:
“ ‘Whereas, there exists a dispute between the said Kirkland and the said Edenborn as to the ownership of the pine timber on the southwest quarter of the northwest quarter and the west half of the southwest quax-ter of section thirty-three, township thirteen north, range one west, situated in Winn parish, Louisiana; and,
“ ‘Whereas, there is a suit between said parties as to the ownership of said timber which is pending on appeal taken from the distx-ict court of said parish; and,
“ ‘Whereas, the said Edenborn is desix-ous of cutting, felling and removing the said timber fx-om said land at this time and in advance of the final detex-mination of the suit; and;
“ ‘Whereas, the said Kirkland is willing that he should so cut, fell and remove the said timber in order that the land may be cleared:
“ ‘Now the said parties without prejudice to the rights asserted by them in said litigation, agree that the said William Edenborn shall cut, fell and remove said timber furnishing the said Kirkland with the daily log scale of the timber so cut and hauled to mill and in the event said Kirkland is declared by final judgment in said suit to be the owner of said timber said Edenborn shall become liable to him and shall pay him for said timber at the rate of three dollars per thousand feet log scale and in the event said William Edenborn is declared to be the owner of said timber the said Kirkland shall receive nothing therefor.
“ ‘It being the intention and agreement of the parties hereto that the said timber may be so cut and removed without prejudice to theix *1023 rights as may be determined by final judgment in said suit.
“ ‘In testimony whereof witness the signatures of the parties on this, the 20th day of May A. D., 1914.
“ ‘[Signed] Wm. Edenborn.
“ ‘Witness Win. Edenborn’s signature:
“ ‘H. B. I-Ielm.
“ ‘L. E. Young.
“ ‘[Signed] D. L. Kirkland.
“ ‘Witnesses to D. L. Kirkland’s signature:
“‘L. E. Young.
“ ‘T. J. Pearce.’
“That under the provisions of this contract appellant has cut the timber in dispute. That it was the understanding and intention of the parties to this contract that this cause should be tried on its merits on appeal, and that the appellee cannot now in good conscience move to dismiss the appeal and is estopped from so doing.
“Wherefore,' appellant moves that the motion to dismiss the appeal be disallowed, and that the cause be assigned for trial on its merits.
“Prays for general relief.”
[3] It will be observed that this agreement was entered into iu May, 1914; that is to say, several months after plaintiff’s appeal had lapsed by reason of its not having been lodged in this court in time. But the parties were ignorant oí that fact; they were under the impression that the appeal had been duly filed and was pending. Therefore they acted in error, and, such being the case, there can be no question of waiver; for waiver is matter of consent, and a person cannot be said to have consented to a thing of which he was ignorant. “Knowledge of the existence of the right, benefit, or advantage on the part of the party claimed to have made the waiver is an essential prerequisite to its relinquishment.” 40 Cyc. 259. Appellee cannot be held to have consented to the reinstatement of the appeal when he was not aware of its having lapsed.
We do not agree with appellee that consent could not have cured the situation. Gigand v. N. O., 52 La. Ann. 1259, 27 South. 794, on rehearing; White v. Maguire, 16 La. Ann. 337. The decisions cited by appellee, viz., Batchelor v. His Creditors, 20 La. Ann. 193, Dupre v. Mouton, 23 La. Ann. 543, Moore v. Simms, 21 La. Ann. 649, and Untereiner v. Miller, 29 La. Ann. 435, are not in point. Their doctrine is that consent cannot confer jurisdiction, and that the appellate court has no jurisdiction, in the absence of an order for appeal, or where the order was made after the expiration of the delay within which such an order might be validly made by the trial court. There is no question in the instant case of conferring jurisdiction by consent.
[4] With reference to the estoppel pleaded by appellant, we will say, in the first place, that conduct induced by error cannot furnish a basis for estoppel (16 Cyc. 733), and, in the second place, that the loss of appellant’s right of appeal is due, not to his having entered into this agreement, but to his having failed to file the transcript in time. The appeal had already been lost when the agreement was entered into.
Moreover, if either party can invoke estoppel against the other, it is appellee; since the filing of the transcript was something which appellant himself was to have done, and hence if he did not know, at the time of entering into the agreement, of its not having been done, it was his own fault; whereas no fault is imputable to appellee, who had, on the contrary, the right to assume that things had followed their regular course, and that therefore the transcript had been filed in time.
The error which induced appellant to enter into the agreement cannot possibly have had the effect of reinstating the lapsed appeal, or of investing him with a new right of appeal. At most it might serve to vitiate the agreement, as to which, as a matter of course, we express no opinion.
Appeal dismissed.