### No. 9713.
### Orleans Appeal.

---

### MRS. MAMIE BOURGH v. MRS. GEORGIA E. HESTER, Appellant.

---

(November 17, 1924, Opinion and Decree.)
(January 5, 1925, Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Appeal, Par. 484.**
No days of grace are allowable upon an extended return day.

2. **Louisiana Digest, Appeal, Par. 483, 484.**
Since the adoption of Act 92 of 1900, in Parishes other than Orleans, and since the adoption of Act 106 of 1908, throughout the State, all transcripts of appeal must be lodged on or before the return day or within three calendar days thereafter if no extension has been granted whether the return day be in vacation or term time, except by consent of parties.

**(Code of Practice. Art. 883, modified by Act No. 106 of 1908—Editor's Note.)**

Appeal from verdict and judgment of the Civil District Court, Parish of Orleans, Division "G".

Appeal dismissed.

Eugene S. Hayford, attorney for defendant and appellant.

Wiess, Yarrut & Stich, attorneys for plaintiff and appellee.

WESTERFIELD, J. Plaintiff and appellee move to dismiss this appeal upon the ground that the transcript was filed too late.

The original return day, June 23, 1924, was upon timely application extended to July 23, 1924. The transcript was not filed until July 26, 1924, three days thereafter. No days of grace are allowable upon an extended return day. Sampite vs. Deslouche, 135 La. 330.

Appellant contends that where, as in this case, the appeal is made returnable to a day not in term time, the transcript may be filed on the first day of the next ensuing term, citing Hoke vs. Lee, 104 La. 124, 28 South. 922. The law has been changed since Hoke vs. Lee and transcripts must now be filed and appeals lodged in this court within three days of the original return day, or on or before the date of extended return day, which cannot be less than fifteen or more than sixty days from the date of the order granting the appeal, whether the return

day be in term time or vacation. We can add nothing to what we said on this subject in Laiche et al. vs. Martin, XI Orl. App. 96, affirmed in Laiche vs. Martin, 135 La. 798, 66 So. 226.

For the reasons assigned, the appeal herein taken is dismissed.