## No. 1147.

### The State of Louisiana vs. John Keenan.

The rule is that dying declarations are admissible if made under a sense of impending disso-lution, which soon thereafter transpires.  1 Glf. sec. 158; 30 Ann. 365; 31 Ann. 95; 32 Ann. 1086; 36 Ann. 920, State vs. Moliss.

APPEAL from the Criminal District Court for the Parish of Orleans. _Baker_, J.

---

_M. J. Cunningham_, Attorney General, and _Lionel Adams_, District. Attorney, for the State, Appellee:

1. A dying declaration made under an immediate sense of impending dissolution is admis-sible in evidence.  30 Ann. 362; 31 Ann. 95; 32 Ann. 1086; Wharton Cr. Ev. § 281.

2. There is no law making it necessary for the dying man to say that he believes he will immediately die, as a condition precedent to the validity of his _declaration_ as evidence ;

it is sufficient if such belief is established by his actions and the surrounding circumstances. Wharton Cr. Ev. §§ 282, 284.

*Wm. R. Whitaker* for Defendant and Appellant:

Declarations by the person whose death is the subject of investigation concerning the cause of death or its attendant circumstances, are admissible; provided, the court be satisfied that such declarations were made in solemn contemplation of immediately approaching death. Best Ev. § 505, n. 1; 1 Greenl. Ev. § 156, et seq.; Whar. Hom. §§ 742-775; State vs. Cornish, 5 Harr. (Del.) 502; Bull vs. Com., 14 Grat. 613; Hill vs. State, 41 Geo. 484; Dixon vs. State, 13 Fla. 636; State vs. Simon, 50 Mo. 370; People vs. Hogdon, 55 Cal. 72; Sullivan vs. Com., 93 Pa. St. 284, 296; State vs. Patterson, 45 Vt. 308; West vs. State, 7 Tex. Ct. App. 150.

While it rests with the court to decide on the admissibility of a statement offered as a dying declaration, a strictly legal discretion must be exercised; and if it decide for the admission of the declaration, it must be for one, or both, of two reasons:

*First.* That the declarant had expressly stated his own sense of his immediately approaching death; or,

*Second.* That from the testimony it is apparent that declarant must have been assured of such impending dissolution,

1 Greenl. Ev. § 158; 1 East P. C. 354. 1 Denis C. C. 1; Rex vs. Van Butchell, 3 Carr. & P. 493; 2 Parker C. R. 235; Rex vs. Pike, 3 Carr. & P. 598; Rex vs. Hucks, 1 Stark N. P. C. 523; 1 Phill. Ev. 235, 85; Carr. Supp. 232, 1 Arch. 449; Whar. Cr. Ev. §§ 276-281, 284; Best Ev. p. 485; Com. vs. Cooper, 5 All. 495; Montgomery vs. State, 11 Ohio, 424; Morgan vs. State, 31 Ind. 193; People vs. Grunzig, 1 Parker C. C. 299; Brakefield vs. State, 1 Sneed, 215; People vs. Perry, 8 Abb (N. Y.) Prac. N. S. 27, 34; Lewis vs. State, 9 Sm. & M. (Miss.) 115; State vs. Trivas, 32 Ann. 1086; State vs. Spencer, 30 Ann. 362; State vs. Molisse, 36 Ann. 920.

The decision of the trial court on the matter of the admission of a statement offered as a dying declaration is proper subject for review. Whar. Cr. Ev. § 298, Com. vs. Dunan, 128 Mass. 422; Sullivan vs. Com., 93 Pa. St. 284; Donnelly vs. State, 2 Dutch. 463, 601; State vs. Trivas, 32 Ann. 1086.

---

The opinion of the Court was delivered by

WATKINS, J.　The accused was indicted with another for the murder of one John J. Madden, separately tried, and from a verdict of "guilty without capital punishment," and sentence, he has appealed.

This appeal rests upon a single bill of exceptions reserved for the accused to the admission, as evidence, of the dying declarations of the deceased. He complains that it had not been shown, either by oral testimony of witnesses, or by the language of the declaration itself, or in any other way, that the deceased was, before making said declaration, or at the time of making same, in contemplation of approaching or impending death.

The declaration of deceased was dictated by himself, and was reduced to writing by T. J. Mooney, recorder.

From the declaration itself we gather the following statement of facts, viz: That on the 25th of June, 1884, at the hour of 2 A. M., he was shot by one of two men who were strangers to him. He was a police-

man at the time, and had previously arrested them and they were in his custody.

This occurred in Algiers. He said he would know the men if he should see them again. The one standing by the corporal at the end of the table, he said was the tallest man. He concluded his statement by saying: "I make this statement to you because I have given up hopes of recovery, and believe that I am going to die."

It further appears that from the facts summarized in the bill of exceptions, that the recorder visited the deceased during the day subsequent to the assault upon him, on which occasion he said that he thought he would get well.

It further appears that on the following day, between 3 and 4 o'clock A. M., the recorder was again sent for, and upon his arrival he found Madden quite weak, and who, when he was questioned by the recorder as to how he felt, responded that he had given up and thought he was a case, or that "he was gone up."

Before proceeding to write the dying declaration, the recorder warned him to be careful as to what he should say, as he was going before his Maker, and that if he did not believe that he was going to die his declaration would not be worth the paper it was written on, to which Madden responded "that he did not wish to die with a lie in his mouth."

He thereupon made to the recorder the statement detailed above, and he reduced it to writing as dictated by him, in the presence of witnesses.

Madden died on the day following. From the evidence it does not appear that his physical condition was subsequently improved, or that the patient thereafter entertained hopes of recovery.

The trial judge, in his reasons, assigned that he was satisfied from the expressions of the deceased, and his condition just prior to the declaration, that he was fully aware of his condition, and had no hope of recovery, at the time, and admitted the evidence.

Dying declarations are those made under a consciousness of impending death, which, however, the declarant need not express in direct terms. His bodily condition and appearance; his conduct and language; as well as statements made to him by his attendants, may be considered, and his consciousness thence inferred. 12 Ann. 274, State vs. Scott.

We do not conceive it to have been necessary that the deceased should have said that he believed he would die *immediately*, but regard it sufficient, if the facts detailed were such as to indicate that the de-

ceased was conscious, at the time of making his declaration, of his *approaching* dissolution.

To render such declarations receivable in evidence, the deceased need not have been at the time *in articulo mortis*. It was only necessary that same should have been made under a sense of *impending* dissolution, which soon thereafter occurred.

To this sense of approaching death, the law attaches the solemnity of an oath, and impresses upon a statement made under it, the character of evidence.

Of this solemnity the deceased was clearly impressed, because, when he was cautioned by the recorder as to the statement he desired to make, he said that he *did not wish to die with a lie upon his lips*. 30 Ann. 365, State vs. Judge Spencer; 31 Ann. 95, State vs. Daniel; 32 Ann. 1086, State vs. Trivass; 36 Ann. 920, State vs. Molisse.

The ruling of the judge *a quo* was correct, and the judgment appealed from is affirmed.