(56 South. 551.)

No. 18,917.

STATE v. AUGUSTUS.

(Nov. 13, 1911.)

*(Syllabus by the Court.)*

On Motion to Dismiss.

1. CRIMINAL LAW (§ 1072*)—APPEAL—FAILURE TO FIX RETURN DAY.

Act 106 of 1908 imposes upon the district judge, in all cases appealable to the Supreme Court, the duty of fixing the return day, which return day he shall fix at not less than 15 days, nor more than 60 days, from the date of the order, except by consent of parties; if, then, defendant has moved for an appeal, "returnable according to law," the failure of the judge to fix a return day in the order granting the appeal is a fault imputable to the judge alone, and appellant cannot be prejudiced thereby.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1072.*]

On the Merits.

2. HOMICIDE (§ 202*) — EVIDENCE — "DYING DECLARATION."

The following facts are sufficient foundation for the admission of a statement as a "dying declaration": Deceased was disemboweled by a gunshot wound at close range. When the declaration was made, he was lying down, with all of his entrails hanging outside of his body. He said, "I have been shot to death by Isidore for nothing," and died a few hours after receiving the wound, and before medical aid could be summoned.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 429; Dec. Dig. § 202.*

For other definitions, see Words and Phrases, vol. 3, pp. 2297, 2298.]

3. CRIMINAL LAW (§ 1169*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

When testimony has been admitted without objection defendant is without interest to complain that the same testimony was admitted, over his objection, at a previous stage of the trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3137-3143; Dec. Dig. § 1169.*]

4. CRIMINAL LAW (§ 715*)—TRIAL—READING DOCUMENT TO JURY.

When a witness has, without objection, read to the jury a document and has testified to the accuracy of its contents, the fact that such document has not been formally offered in evidence does not debar the district attorney from reading such document to the jury in his argument.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1666; Dec. Dig. § 715.*]

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Isidore Augustus was convicted of crime, and appeals. Affirmed.

Laycock & Beale, for appellant. Walter Guion, Atty. Gen., and Charles A. Holcombe, Dist. Atty. (G. A. Gondran, of counsel), for the State.

On Motion to Dismiss.

SOMMERVILLE, J. [1] The Attorney General has moved to dismiss this appeal, on the ground—

"that the motion and order made and granted in and by the district court were not made and granted in accordance with law, as provided by Act 106 of 1908, in that the motion and order failed to fix a return day."

This record discloses no written motion of appeal prepared by counsel for the accused; the motion being disclosed merely by the minute entry, which is as follows:

"On motion of counsel for defendant, it is ordered that said defendant, Isidore Augustus, be granted an appeal from the verdict and sentence in this case, returnable before the Supreme Court of this state according to law."

This minute entry clearly shows that defendant's counsel moved for an appeal to the Supreme Court, "returnable according to law." That was all that the law required him to do. Act 106 of 1908 makes it the duty of the judge to—

"fix the return day in all cases, provided that the judge shall fix the return day in the order granting the appeal which shall not be less than fifteen nor more than sixty days from the date of the order, except by consent of parties."

Thus the duty of fixing the return day devolves exclusively upon the judge, and if he fixes a wrong return day, or fixes no return day at all, the fault is the judge's, and is not imputable to the appellant, and he cannot be prejudiced thereby. The motion to dismiss is therefore overruled. State v. Dellwood, 33 La. Ann. 1229; State v. Balize, 38 La. Ann. 542; Hays v. Mayer, 117 La. 1067, 42 South.

505, and the authorities collated in Marr's Criminal Jurisprudence, p. 892, note "b."

### On the Merits.

[2] Defendant, indicted for murder, is appellant from a verdict of guilty of manslaughter and from a sentence of 10 years imprisonment at hard labor. He bases his appeal for reversal on two bills of exception.

Bill of exception No. 1 alleges lack of foundation for the admission of a dying declaration.

A dying declaration is one made under the sense of impending death. The test of the admissibility of a statement offered in evidence as a dying declaration is: Did the deceased, at the time of making the statement, believe in the reality of his impending death? Such belief being a mere mental operation, its existence can be evidenced only by outward expression and surrounding circumstances. The declaration of the deceased that he was going to die, uncorroborated by the circumstances of the case, has rarely been held, of itself, a sufficient foundation for the admission of his statements as dying declarations; and, while no absolute rule can be laid down by which to decide with certainty whether the declarant, at the time of making his statement, really expected to die, yet when the wound is from its nature mortal, and when, as a matter of fact, the deceased shortly after making his statement died, the courts have uniformly held that the declarant really believed that death was impending, and his statement has been admitted as a dying declaration. In this case it appears from the bill of exception that, in laying the foundation for the introduction of the dying declaration, the state proved that the deceased was disemboweled by a gunshot wound at close range; that the wound was mortal; that deceased died a few hours after receiving the wound, and before medical aid could be summoned; that when the declaration was made deceased was lying down, with all of his entrails hanging outside of his body; that deceased said to Charles Augustus, "I have been shot to death by Isidore for nothing." This discloses a proper foundation for the admission of the statement as a dying declaration.

[3] Besides the fact that the statement offered as a dying declaration was admissible as such, defendant is without cause of complaint, since, as the bill of exception shows, at a later stage of the trial other witnesses testified, without objection, to a dying declaration which did not differ in any respect from the declaration made to Charles Augustus. When testimony has been admitted without objection, defendant is without interest to complain that the same testimony was admitted, over his objection, at a previous state of the trial. The ruling in State v. Smith, 115 La. 801, 40 South. 171, is applicable here. In that case it was held that:

"Assuming that a statement, made by the party killed to a witness, was not res gestæ, and should not have been permitted to go to the jury, the accused party suffered no injury, if the same statement went to the jury, without objection, as a dying declaration made by the deceased."

[4] The second bill of exception is based upon the fact that the district attorney in his closing argument read to the jury a written statement, the contents of which had gone to the jury, and which had been read to the jury by a witness for defendant, and the verity of its contents testified to by that witness and by other witnesses; the objection being that the document had not been formally offered in evidence. We see no error in the overruling by the district judge of this bill; the contents of the document had gone to the jury without objection, and surely it can hardly be seriously urged that, whereas it would have been perfectly legitimate for the district attorney to have repeated from memory in argument the contents of the document, it was illegal to read the document itself.

The judgment and sentence appealed from are, in view of these considerations, affirmed.