(115 So. 445)

No. 28981.

### STATE v. MOORE.

Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

1. Homicide ⊕203(7)—Statement held dying declaration, notwithstanding deceased had asked witness that evening to come to him next morning.

Statement *held* admissible as dying declaration on trial for murder, notwithstanding that deceased asked witness the evening statement was made to come to him early next morning, where it appeared that witness and doctor did not want deceased to talk that evening, although deceased had wished to make full statement at once.

2. Homicide ⊕203(7)—Statement made when deceased did not expect to survive his injury is dying declaration, although deceased did not expect to die immediately.

Statement, made when deceased did not expect to survive his injury, is admissible as dying declaration on trial for murder, although, when deceased made the statement, he did not expect to die immediately.

3. Homicide ⊕203(5)—Statement held dying declaration, although prefaced with remark, "If I die before anything happens."

On trial for murder, statement *held* dying declaration, although deceased prefaced it with remark, "If I die before anything happens, I want to have [defendant] arrested and convicted," where circumstances did not indicate that there was any doubt in deceased's mind that he was about to die.

4. Homicide ⊕332(2)—Whether words of dying declaration showed desire for revenge rather than justice held for jury, and not for Supreme Court.

Whether words of dying declaration, admitted on trial for murder, showed that it was inspired by desire for revenge rather than justice, *held* matter for jury's consideration, and not question to be argued before Supreme Court on appeal from conviction for manslaughter.

5. Criminal law ⊕1159(2)—Supreme Court has no jurisdiction to review weight and sufficiency of evidence properly before jury.

On appeal from conviction for manslaughter, Supreme Court has no jurisdiction to inquire into the weight and sufficiency of evidence properly adduced before the jury.

Appeal from Thirteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Albert Moore was convicted of manslaughter, and he appeals. Affirmed.

Dudley L. Guilbeau, of Opelousas, for appellant.

Percy Saint, Atty. Gen., and R. Lee Garland, Dist. Atty., of Opelousas (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

ST. PAUL, J. Defendant was indicted and tried for murder, and was convicted of manslaughter. His appeal presents two bills of exception, both of like tenor, to wit, relating to the admissibility of dying declarations made by the deceased.

#### I.

The trial judge says that the declarations were made "under sense of impending dissolution." The evidence attached to the bills shows that on the evening on which he was fatally stabbed the deceased sent for the witness to whom the declarations were made, and stated to him that he was going to die, and that "Albert Moore [the defendant] had killed him"; and again next morning the deceased repeated to the witness that he was going to die, that he knew there was no hope for him, that nothing could save him, and that he wanted to tell how it happened, which he thereupon did.

#### II.

[1] It is urged that the deceased was not under a sense of impending dissolution when he made his statement on the evening he was stabbed, and when he was about to be removed to a sanitarium, because he asked the witness to come to him "as early as he could next morning"; but the explanation of this is that the witness and the doctor did not want the deceased to talk in his condition

at that time, whilst the deceased was anxious to make a full statement at once, which does not indicate that the deceased believed that he would live until next morning, but rather that he wanted to make his statement as soon as he would be permitted to do so, if still alive to make it.

[2] And, moreover, it was immaterial that the deceased might have believed that he would survive until next morning, for "it is not necessary to prove expressions implying apprehension of *immediate* danger, *if it be clear that the party does not expect to survive the injury*, which may be collected from the general circumstances of his condition. [Italics ours.]" State v. Sadler, 51 La. Ann. 1397, 1412, 26 So. 390, 396, citing Wharton's Crim. Ev. § 261; State v. Newhouse, 39 La. Ann. 862, 2 So. 799; State v. Keenan, 38 La. Ann. 660.

### III.

[3] It is also urged that the deceased was again not under a sense of impending dissolution next morning when he did make his full statement, because he prefaced it with the remark, "*If I die* before anything happens, I want you to do everything you can to have Albert Moore arrested and convicted, if you can." But the explanation of this is simply that the deceased did not want to discuss his condition as much as he wanted to insure that some one would receive his statement. He had said to the witness three times that he was going to die, that there was no hope for him, that nothing could save him; and he had asked the witness to send for the district attorney to take his "testimony"; and yet *the witness* insisted that he was not going to die, that the doctor did not want him to talk, but wanted him to hold his strength, and had held out "some chance, if he could pass 36 hours." Thereupon the. deceased insisted that he wanted to tell the witness about the occurrence, and prefaced his statement as abovesaid.

We therefore do not understand the expression "If I die *before*," etc., to imply any doubt in the mind of the deceased that he was surely marked for approaching death, but rather that he feared that he might die sooner than the witness and the doctor expected.

### IV.

[4, 5] As to the suggestion that the abovesaid preface to the statement shows that it was inspired by a desire for revenge and not by motives of truth and justice, that was a matter to be argued before the jury, and not before us; for this court has no jurisdiction to inquire into the weight and sufficiency of the evidence properly adduced before the jury.

Decree.

The judgment appealed from is therefore affirmed.