381 So.2d 813 (1980)
STATE of Louisiana
v.
James Louis HUMPHREY.
No. 65614.
Supreme Court of Louisiana.
March 3, 1980.
Rehearing Denied April 7, 1980.
*814 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard K. Knapp, Jr., Dist. Atty., George Perez, Jr., Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-respondent.
Thomas L. Lorenzi, Richard P. Ieyoub, Lake Charles, for defendant-relator.
SUMMERS, Chief Justice.
By a two-count indictment the Calcasieu Parish Grand Jury indicted James Louis Humphrey with the April 28, 1978 second degree murder of his children Latasha Denise Humphrey and Janice Faye Humphrey. As amended the indictment charged defendant with manslaughter in two counts. Count one set forth that he "Did, while engaged in the perpetration or attempted perpetration of an intentional misdemeanor directly affecting the person, viz: simple battery in violation of R.S. 14:35, kill and slay one Latasha Denise Brouchet a/k/a Latasha Denise Humphrey in violation of Section 2(a) of R.S. 14:31."
Count two contains the identical charge against defendant for killing Janice Faye Brouchet a/k/a Janice Faye Humphrey.
At the hearing on the State's motion to amend the indictment on July 24, 1979, the State filed a notice to introduce evidence of other crimes at the trial, which was objected to by the defense. On the day of trial the notice was amended to express the State's intent to introduce: "evidence of simple batteries committed upon the decedents, Latasha D. Brouchet and Janice F. Brouchet, by the defendant," which the State alleged was admissible "to show that the defendant possessed the requisite intent to perpetrate an intentional misdemeanor directly affecting the person at the time of the offense charged in the amended indictment herein." The notice stated the alleged other batteries occurred on June 29, 1977 and April 25, 1978.
Defendant again objected that the notice as amended referring to evidence of other crimes the State intended to introduce failed to comply with this Court's decision in State v. Prieur, 277 So.2d 134 (La.1973). The objection was overruled by the trial judge and the defense applied for review under our supervisory jurisdiction. We granted certiorari.
The State claimed at the hearing that in proving the defendant killed his minor children while engaged in committing simple battery, the evidence of abuse on two prior occasions is admissible to prove intent; that this evidence was admissible to demonstrate not only the requisite intent under the statute but also the modus operandi employed by defendant, the earlier offenses being so peculiarly distinctive one could logically say they are the work of the same person. Furthermore, the State argued, the evidence of other similar acts was substantially relevant to prove defendant was the perpetrator of the offense charged.
*815 In State v. Bradford, 259 La. 381, 250 So.2d 375 (1971) the court held that in a prosecution for the murder of a foster child evidence of beatings inflicted by the defendant upon other foster children entrusted to her care was admissible in order to show a system of severe chastisement which exceeded ordinary parental authority. This evidence, the court held, was admissible as proof that the homicide was willful and felonious, showing system and intent under Sections 445 and 446 of Title 15 of the Revised Statutes.
Such evidence of child abuse may be limited to rebutting a defense of justification such as accident or the exercise of parental authority and normal discipline. And while the evidence of prior beatings may not be admissible to show intent in this manslaughter prosecution where specific intent is not an element of the crime, it may be relevant to show a system of beatings if the prior offenses meet the test of similarity. In State v. Showers, 359 So.2d 104 (La.1978), this court held that in order for proof of other crimes to be admissible to establish a system or a certain modus operandi, the other crimes must be distinctively similar.
Similarity to the crime charged is explicit in the State's notice which refers to simple batteries committed upon these same victims by the same defendant on June 29, 1977 and April 25, 1978. And while the June 29, 1977 prior offense may fail upon analysis to meet the test of relevancy because of its remoteness in point of time, the same cannot be said of the April 25, 1978 beating which occurred just three days before the fatal April 28, 1978 beating by this same defendant on these same victims. So proximate in time and place is this beating of one of the victims that the testimony of the mother of the deceased child concerning this prior beating may reasonably be said to be part of the res gestae showing the cause of death. State v. Hatcher, 372 So.2d 1024 (La.1979). Evidence of the April 25, 1978 offense is therefore admissible.
For the reasons assigned, evidence of the prior offense alleged to have been committed on June 29, 1977 is inadmissible; whereas, evidence of the April 25, 1978 offense because of its similarity and proximity in point of time is admissible at the trial. The case is remanded to the trial court to be proceeded with in accordance with law and the reasons and decree of this opinion.
DIXON, J., concurs, but believes the battery was not part of the res gestae.
CALOGERO, J., concurs.
DENNIS, Justice, would grant the rehearing.
Perhaps the other crimes evidence would be admissible for the purpose suggested by my brethren, Dixon, C. J., and Calogero, J. However, as I read the majority opinion it does not limit the use of the other crimes evidence to the state's rebuttal.