419 So.2d 455 (1982)
STATE of Louisiana
v.
Michael VERRETT.
No. 82-K-0696.
Supreme Court of Louisiana.
September 7, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Leon A. Cannizzaro, Nancy Sharpe, Asst. Dist. Attys., for relator.
Robert Zibilich, Orleans Indigent Defender Program, New Orleans, for respondents.
BLANCHE, Justice.
Defendant was being tried for the first degree murder of Willie Ellis when the judge declared a mistrial because of references made in the state's opening argument to declarations made by the victim after he was attacked. The declarations complained of were those made by the victim identifying defendant as his assailant. Before the date set for the second trial to begin the state filed a pre-trial motion in order to obtain a ruling from the court declaring that the victim's statements were admissible under the dying declaration exception to the hearsay rule. The trial court ruled that the statements were inadmissible and we granted the state's writ to review the correctness of the trial court's ruling.
The mistrial was declared before testimony was elicited from any of the witnesses *456 who had been present when the victim made the statements. No evidence was taken at the hearing on the pre-trial motion, as the matter was submitted on brief. Accordingly, there is no evidence in the record to establish the circumstances surrounding the declarations. The principal factual account available is that contained in the state's opening statement and that recitation is not evidence; it is only what the state intends to prove. State v. Green, 343 So.2d 149 (La.1977); State v. Shaffer, 257 So.2d 121 (La.1971). Other evidence came from a doctor who examined the victim and two police officers who arrived on the scene after the victims made the statements.
We assume that the trial judge considered that an evidentiary hearing was unnecessary, as the issue could be decided on the basis of the contents of the opening statement, which revealed that the victim's statement was made in response to a question and there were no words uttered by the declarant indicating an awareness of his impending demise before the statement was made. We feel fortified in this assumption by virtue of the fact that both counsel, in argument and in brief, addressed these issues as the basis of the trial judge's ruling.
The relevant part of the opening statement is as follows: On December 4, 1980, Willie Lee Ellis was fatally stabbed in the heart. After he was stabbed at his residence at 2354 St. Claude Avenue, he staggered into Bill's Coffee Shop, located at 2348 St. Claude Avenue. Billy Meyers, who was seated at the counter inside the coffee shop, saw Mr. Ellis leaning up against the restaurant door. Mr. Meyers went to the door and Mr. Ellis stumbled in holding the left side of his chest, which was bleeding heavily. Mr. Ellis asked for help as he slouched down on the floor. Mr. Meyers asked, "What happened Slim?" (Slim was Willie Lee Ellis' nickname.). Mr. Ellis replied, "They tried to rob me." Mr. Meyers then ran out of the coffee shop to call the police. George Raines, the owner of the shop, ran from the back and saw Ellis on the floor. Mr. Raines questioned, "Slim, what happened?" Mr. Ellis replied, "They tried to rob me." Mr. Raines asked, "Who tried to rob you?" and Mr. Ellis responded by stating the name of Michael Verrett at least two times. This declaration was witnessed by Ernest Payton, a cook at the coffee shop, and by Margaret Meyers, a waitress there. Mrs. Meyers was asked to write down the name of Michael Verrett, and she did so. Mr. Ellis then said, "Get me to a hospital, I'm getting weaker and weaker." Minutes later, he died.
A dying declaration is one made under the sense of impending death. The test of the admissibility of a statement offered in evidence as a dying declaration is: Did the deceased, at the time of making the statement, believe in the reality of his impending death? Such belief being a mere mental operation, its existence can be evidenced only by outward expression and surrounding circumstances. The declaration of the deceased that he was going to die, uncorroborated by the circumstances of the case, has rarely been held, of itself, a sufficient foundation for the admission of his statements as dying declarations; and, while no absolute rule can be laid down by which to decide with certainty whether the declarant, at the time of making his statement, really expected to die, yet when the wound is from its nature mortal, and when, as a matter of fact, the deceased shortly after making his statement died, the courts have uniformly held that the declarant really believed that death was impending, and his statement has been admitted as a dying declaration. State v. Augustus, 129 La. 617, 56 So. 551 (1911).
This Court has previously held that a victim's statement may be admissible as a dying declaration even if the statement is elicited by questions. State v. Trivas, 32 La.Ann. 1086 (1880); State v. Ashworth, 50 La.Ann. 94, 23 So. 270 (1898); State v. Pierfax, 158 La. 927, 105 So. 16 (1925). Defendant's contention that the victim's statements were inadmissible because they *457 were made in response to a question lacks merit.[1]
A statement is admissible as a dying declaration if made when the declarant is conscious of his condition and aware of his approaching demise. State v. Unger, 362 So.2d 1095 (La.1978); State v. Vincent, 338 So.2d 1376 (La.1976). However, the necessary state of mind may be inferred from the facts and circumstances surrounding the making of the declaration and the victim need not express this belief in direct terms. State v. Moore, 165 La. 163, 115 So. 445 (1928); State v. Jones, 47 La.Ann. 1524, 18 So. 515 (1895).
From the opening statement, it appears that the state was prepared to prove that the victim was fatally stabbed in the heart; that witnesses would be able to testify as to a deteriorating physical condition when he entered the restaurant, and that he died within 5 minutes of making the statement. Other evidence is the doctor's testimony that the victim died of a single stab wound to the heart, and the officer's testimony that there was a great deal of blood between the cafe and the victim's residence. All such evidence would be relevant to the victim's condition at the time the statements were made, and would have bearing on the pivotal question concerning the declarant's belief in his approaching demise at the time the statement was made.
We do not believe that it is sacramental that the victim declare that he feels the end is near if such belief may be reasonably presumed from the facts and circumstances surrounding the declaration. State v. Moore, supra; State v. Jones, supra. In this connection we note, as a reasonable conclusion, that the more serious the injury and impairment of the declarant's physical condition, the more probable is his belief that the end is near. State v. Augustus, supra; G. Pugh, Louisiana Evidence Law, at p. 466 (1974).
We conclude that, as a matter of law, the statement should not be excluded simply because no words were uttered by the declarant indicating an awareness of his impending demise before the statement was made.
For the foregoing reasons, we vacate and set aside the ruling of the trial judge and remand the case for a new trial in accordance with law.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
When the prosecutor, prior to the second trial, filed a pretrial motion to determine the admissibility of the victim's dying declarations, the trial court should have conducted a hearing on the motion.[1]
Rather than dealing with this issue on the basis of the factual assertions in the state's opening statement (and brief), this court should remand with instructions to the trial court to conduct a pretrial evidentiary hearing and to decide the issue of admissibility within an explicit factual context and in accordance with stated legal principles. Nevertheless, because I agree with the views expressed in the majority opinion and because the trial court erred in ruling (on the basis of the record before him) that the statement was inadmissible, I concur.
NOTES
[1] Although challenged on another basis, see State v. Foote, 379 So.2d 1058 (La.1980) for a more recent case where this Court held a statement to be a dying declaration even though clearly in response to a question.
[1] When the trial court excludes evidence offered by the prosecution and the trial results in a verdict of acquittal, the prosecution has no right of appeal. Furthermore, because appellate courts are reluctant to interfere with a trial in progress, an application for supervisory writs to review the evidentiary ruling is seldom successful. Thus, the motion for a pretrial determination regarding the admissibility of evidence is a useful device under appropriate circumstances, such as when the disputed evidence is the sole basis for proving guilt and may conveniently be ruled on prior to trial. Although such actions are not specifically provided for by the Code, this court has recognized the authority of trial courts (under C.Cr.P. Art. 3) to consider such matters in advance of trial. See State v. Wilkerson, 259 So.2d 871 (La. 1972); State v. Humphrey, 381 So.2d 813 (La. 1980).