CIACCIO, Judge.
A jury found defendant guilty of manslaughter. On appeal defendant assigns two errors to the trial court proceedings. We have considered those errors designated by defendant and have also reviewed the record for any errors discoverable by a mere inspection of the pleadings and proceedings. La.C.Cr.P. Art. 920. We have also reviewed the sufficiency of the evidence. We affirm.
ERRORS PATENT
Our review of the record has revealed no errors discoverable by a mere inspection of the pleadings and proceedings.

Assignment of Error No. 1

Defendant assigns as error the trial court’s permitting the State to exercise a peremptory challenge to excuse a juror after that juror had been sworn to serve. The trial court allowed the challenge after further questioning of the juror had been precipitated by the juror informing the court that the defendant looked like her grandson and it would, therefore, be hard for her to be impartial. The State had not exhausted its allottment of peremptory challenges. There was no prejudice to the defendant and no error in the trial court excusing the juror from service. La.C. Cr.P. Art. 921; State v. Nelson, 459 So.2d 510 (La.1984).

Assignment of Error No. 2

Defendant assigns as error the trial court’s admitting into evidence testimony of declarations made by the victim immediately prior to his death wherein he identified his killer by name.
A previous trial of this case ended in a mistrial after the prosecutor made reference to the victim’s declarations during his opening statement to the jury. Prior to the second trial the State filed a motion in limine seeking a ruling which would permit the use of the declarations at trial. The trial court denied the motion, ruling the declarations inadmissible.
The State applied to the Supreme Court for a writ of certiorari, which was granted, 413 So.2d 504. After review, the Supreme Court ruled that “as a matter of law, the statement should not be excluded simply because no words were uttered by the de-clarant indicating an awareness of his impending demise before the statement was made.” State v. Verrett, 419 So.2d 455 (La.1982). The trial court ruling was set aside and the case remanded.
In the opinion the Supreme Court laid out guidelines for the admissibility of dying declarations.
A statement is admissible as a dying declaration if made when the declarant is conscious of his condition and aware of his approaching demise. State v. Unger, 362 So.2d 1095 (La.1978); State v. Vincent, 338 So.2d 1376 (La.1976). However, the necessary state of mind may be inferred from the facts and circumstances surrounding the making of the declaration and the victim need not express this belief in direct terms. State v. Moore, 165 La. 163, 115 So. 445 (1928); State v. Jones, 47 La.Ann. 1524, 18 So. 515 (1895).
From the opening statement, it appears that the State was prepared to prove that the victim was fatally stabbed in the heart; that witnesses would be able to testify as to a deteriorating physi *1292 cal condition when he entered the restaurant, and that he died within 5 minutes of making the statement. Other evidence is the doctor’s testimony that the victim died of a single stab wound to the heart, and the officer’s testimony that there was a great deal of blood between the cafe and the victim's residence. All such evidence would be relevant to the victim’s condition at the time the statements were made, and would have bearing on the pivotal question concerning the de-clarant’s belief in his approaching demise at the time the statement was made.
We do not believe that it is sacramental that the victim declare that he feels the end is near if such belief may be reasonably presumed from the facts and circumstances surrounding the declaration. State v. Moore, supra; State v. Jones, supra. In this connection we note, as a reasonable conclusion, that the more serious the injury and impairment of the declarant’s physical condition, the more probable is his belief that the end is near. State v. Augustus, supra [129 La. 617, 56 So. 551 (1911) ]; G. Pugh, Louisiana Evidence Law, at p. 466 (1974). 419 So.2d at 457.
In this case, the victim, bleeding heavily, staggered from his residence into the doorway of a neighboring coffee shop. One employee left to call the police, two others tried to help the victim. The cook asked him, “What happened?” The victim replied, “They tried to rob me.” The cook asked, “Who tried to rob you?” The victim repeated three times the name “Michael Verrett.” The victim died shortly thereafter. Both employees who stayed with the victim testified to these events.
In State v. Verrett, 419 So.2d at 456, the Supreme Court pointed out that it “has previously held that a victim’s statement may be admissible as a dying declaration even if the statement is elicited by questions.” (Citations omitted.)
Defendant argues that the evidence produced at trial did not satisfy the foundation required for admitting the victim’s dying declarations. We do not agree. The State proved that the victim died of a single stab wound to the heart. There was a great deal of blood between the residence and the coffee shop. The witnesses testified as to the victim’s deteriorating condition, and that he died within minutes of entering the coffee shop. The facts and circumstances support a reasonable belief that the victim knew he was dying when he named Michael Verrett as his attacker. The trial court did not err in admitting the statements.
SUFFICIENCY OF THE EVIDENCE
Defendant was originally indicted for first degree murder. The district attorney amended the indictment to charge second degree murder. The jury found defendant guilty of manslaughter.
The evidence established that the victim owned and operated a furniture store. The victim employed the defendant in his store. On the evening of the murder, the victim and the defendant planned to paint the interior of the victim’s apartment.
The victim’s brother, a co-owner of the furniture store, testified that the victim handled the store’s daily receipts and would store them in a desk drawer in his home until he could make a deposit at the bank.
As noted above, witnesses testified that the victim named Michael Verrett as his attacker in an apparent attempted robbery, and then died from the stab wound to his heart. The police investigated the scene by following the trail of blood from the coffee shop back to the victim’s residence where they found the drawers of his desk to have been pried open.
Despite efforts to locate him, the police did not find and arrest defendant until almost two months after the murder.
We find the evidence adduced at trial sufficient for any rational trier of fact to have found every essential element of the offense of murder to have been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 *1293 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982). This evidence, therefore, also supports a conviction for manslaughter, as the passion or provocation needed to translate a murder into a manslaughter under La.R.S. 14:31(1) is completely within the province of the jury. State v. Temple, 394 So.2d 259 (La.1981).
CONCLUSION
Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.