721 So.2d 38 (1998)
STATE of Louisiana
v.
Cleveland BELL.
No. 97-KA-896.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1998.
*39 Frank Sloan, Covington, for defendantappellant.
Paul D. Connick, Jr., District Attorney, Ellen S. Fantaci, Terry M. Boudreaux, Lori Butler, Assistant District Attorneys, Gretna, for plaintiff-appellee.
Before GRISBAUM and DALEY, JJ., and NESTER L. CURRAULT, Jr., J. Pro Tem.
GRISBAUM, Judge.
The defendant-appellant, Cleveland Bell, appeals his conviction of second degree murder (La. R.S. 14.30.1). We affirm.

ISSUES
The defendant assigns as error the following, to-wit:
1. The hearsay statements of the victim were improperly introduced to show that the victim had been robbed.
2. The trial court abused its discretion in refusing to grant a mistrial following improper testimony of a state witness that the defendant's sister-in-law had offered *40 her one thousand dollars to testify favorably to the defendant.
3. The trial court erred in giving a jury charge on flight where the basis for the requested charge was hearsay testimony to which an objection had properly been granted by the trial court.
Defendant-appellant's Original Brief at p. 2.

FACTS AND PROCEDURAL HISTORY
The defendant was charged by bill of information with second degree murder to which he pled not guilty. He was tried by a 12-person jury and found guilty as charged and sentenced to life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence, with credit for time served. His motions for new trial, post verdict judgment of acquittal and to reconsider sentence were denied.

ISSUE ONELAW AND ANALYSIS
Defendant-appellant first contends the hearsay statements of the victim were improperly introduced to show the victim had been robbed. The record shows Deputy Brian Brocato testified that, while he and other paramedics were administering emergency medical treatment, he heard the victim say, "They stole my money." The trial court held this statement inadmissible as a dying declaration; however, this Court reversed the trial court and held that the statement was admissible as a dying declaration because of the seriousness of the victim's condition at the time of the declaration.
Our statutory law, as found in La. Code Evid. art. 804(B)(2), provides that "[a] statement made by a declarant while believing that his death was imminent, concerning the cause or circumstances of what he believed to be his impending death" is an exception to the hearsay rule. Additionally, our jurisprudence provides that, if a dying declaration is made when the declarant is conscious of his approaching demise, then the statement is admissible as such. State v. Verrett, 419 So.2d 455 (La.1982). Likewise, the victim does not have to express, in direct terms, his awareness of his condition. The necessary state of mind can be inferred from the facts and circumstances surrounding the declaration. Id.
We find the facts and circumstances surrounding the victim's declaration clearly indicate he was aware of the seriousness of his condition. First, Paramedic Steven Brown, who was accepted as an expert in the field of Emergency Medical Technician Paramedics, testified that he observed the victim on his hands and knees, rocking back and forth, crying, "Help me. Help me." He also testified that the victim had low blood pressure, low heart rate, and was deteriorating toward death when they arrived. He stated also he and his partner were moving very rapidly and that the victim could have gathered from this and their conversations the seriousness of his condition. Finally, Mr. Brown testified that the victim died 18 to 20 minutes after they arrived. Moreover, the pathologist, who performed the autopsy on the victim, testified that the victim was inflicted with two woundsa lethal one, which caused the victim's death, and a non-lethal one, which complicated his condition.
Based on the foregoing, it is clear that, considering the victim was inflicted with two stab wounds and his condition when the paramedics arrived, along with the deputy's testimony, this victim was aware of his approaching death when he declared that, "They stole my money." Accordingly, this assignment of error lacks merit.

ISSUE TWOLAW AND ANALYSIS
Defendant-appellant next contends that the trial court abused its discretion in refusing to grant a mistrial following improper testimony of a State witness that the defendant's sister-in-law, Ora Houston, had offered her $1,000.00 to testify favorably on behalf of the defendant.
We are reminded that, when a remark or comment, which is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, the court, upon the request of the defendant or the State, shall promptly admonish the jury to disregard the remark or comment. La. Code Crim. P. art. 771. On the motion of the defendant, the trial court has the discretion to grant a mistrial if it believes an admonition is insufficient to assure the defendant a fair trial. Id. A mistrial is warranted only if *41 the comment or remark results in substantial prejudice. State v. Narcisse, 426 So.2d 118 (La.1983), cert. denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983). The trial court's ruling on a motion for mistrial will not be disturbed absent an abuse of discretion. Id.
We find that the trial court was within its discretion in denying defendant-appellant's motion for mistrial because the record clearly shows that the court immediately admonished the jurors to disregard the statements in question. Furthermore, the defendantappellant has failed to establish any prejudice resulting from the statements. Accordingly, this assignment of error lacks merit.

ISSUE THREELAW AND ANALYSIS
Defendant-appellant last contends that the trial court erred in giving a jury charge on flight where the basis for the requested charge was hearsay testimony to which an objection had properly been granted by the trial court. We disagree.
If there is testimony of flight after the crime was committed and the jury charge regarding flight is brief when considered in connection with the remainder of the charge, the instruction is neither erroneous nor prejudicial. State v. Walker, 93-632 (La.App. 5th Cir. 1/31/95), 650 So.2d 363, writ denied, 95-0545 (La.6/23/95), 656 So.2d 1013.
There is sufficient testimony of defendantappellant's flight, after the crime was committed, to warrant an instruction on flight. Ora Houston testified she saw defendantappellant break into a run across Airline Highway to where she was standing and that he told her to run. Willie Chisholm testified he also saw defendant-appellant flee towards Airline Highway. David Hislop testified that he and a friend chased two men on the night of and at the scene of the crime. Finally, the evidence indicated that Chisholm was caught and that defendant-appellant got away. Accordingly, we find that there is sufficient evidence which does not constitute hearsay and which indicates that the State was entitled to an instruction regarding defendantappellant's flight after the crime was committed.
For the reasons assigned, the defendantappellant's conviction and sentence are hereby affirmed.
AFFIRMED.